COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Coleman


KIMBERLY WILSON RILEY

                                                      MEMORANDUM OPINION*
v.        Record No. 2226-06-1                          PER CURIAM
                                                        JUNE 12, 2007
KEVIN JAMES RILEY


            FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                        AND COUNTY OF JAMES CITY
                        Samuel T. Powell, III, Judge

            (Breckenridge Ingles; Martin, Ingles & Ingles, Ltd., on briefs), for
            appellant.

            (Charles E. Haden; Richard H. Rizk, Guardian *ad litem* for the minor
            children, on brief), for appellee.


        Kimberly Wilson Riley appeals the trial court's final custody order awarding her and

Kevin James Riley joint legal and physical custody of their three children.  The mother contends

she should have been given sole physical custody of the children or, alternatively, a greater

amount of shared custody.  Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

                                    BACKGROUND

        By order dated August 31, 2004, the trial court granted mother's bill of complaint for

divorce from the father and continued the case for further proceedings regarding custody of the

parties' three children, who were 10, 8, and 5 years old at the time.  After several continuances,

the trial court heard extensive evidence *ore tenus* on May 22, 2006 and June 7, 2006, regarding

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

custody. At the conclusion of the hearing, the trial court weighed the evidence in light of all of the statutory factors in Code § 20-124.3 and awarded mother and father joint legal and physical custody with the parents alternating custody monthly.

DISCUSSION

"In issues of child custody, 'the court's paramount concern is always the best interests of the child.'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (quoting Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990)). "Code § 20-124.3 specifies the factors a court 'shall consider' in determining the 'best interests of a child for . . . custody or visitation.'" Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). Among its provisions, Code § 20-124.3 includes

> [t]he age and physical and mental condition of each parent; . . .
> [t]he relationship existing between each parent and each child,
> giving due consideration to the positive involvement with the
> child's life, the ability to accurately assess and meet the emotional,
> intellectual and physical needs of the child; . . . [t]he propensity of
> each parent to actively support the child's contact and relationship
> with the other parent, including whether a parent has unreasonably
> denied the other parent access to or visitation with the child; . . .
> and . . . [s]uch other factors as the court deems necessary and
> proper to the determination.

Although the statute requires "the trial court [to] examine all factors set out in Code § 20-124.3," Brown, 30 Va. App. at 538, 518 S.E.2d at 338, it does not require the court "to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors," Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). Rather, "'trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Farley, 9 Va. App. at 328, 387 S.E.2d at 795; see Yopp v. Hodges, 43 Va. App. 427, 439, 598 S.E.2d 760, 766 (2004) ("We afford great deference to the trial court's determination of what is in the best interests of the child.").

The mother argues that "[t]he trial court abused its discretion by failing to award sole custody of the minor children to the Appellant wife" and that "[e]ven if it was not error to order joint custody to the parties, the court abused its discretion by failing to award primary custody and a greater proportion of time to wife." We disagree.

The exercise of a trial court's broad discretion in the determination of a child's best interests will be "reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Farley, 9 Va. App. at 328, 387 S.E.2d at 795 (citation omitted). Similarly, "'[w]e will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is "plainly wrong or without evidence in the record to support it."'" Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (citations omitted). "Moreover, the credibility of witnesses and the weight to be accorded their testimony is a matter exclusively within the province of the trier of fact." Yopp, 43 Va. App. at 439, 598 S.E.2d at 766. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown, 30 Va. App. at 538, 518 S.E.2d at 338. Under these principles of appellate review, it is immaterial that the same set of facts, if viewed in a light most favorable to the appellant, might also support the relief sought by the appellant. Id. at 539, 518 S.E.2d at 339.

Applying these principles, we hold the evidence supported the trial court's award of joint legal and physical custody and that the decision was not plainly wrong. At the conclusion of the June 7, 2006 *ore tenus* hearing, the trial court considered and discussed each of the factors set forth in Code § 20-124.3 as it related to the evidence, including the reasonable preferences of the

children. The trial court felt that the parents complemented each other in that they had different strengths that would address the children's many levels of need; in other words, one parent may provide for physical needs better, whereas, the other parent could provide more in the area of intellectual or emotional needs. The factor that most concerned the trial court was the propensity of each parent to actively support the children's contact and relationship with the other parent. It found that father was less cooperative than mother; however, it found both parents failed to sufficiently cooperate with the other regarding the children. In making this determination, the trial court noted mother's failure to advise father that she was having the children baptized at her church or to obtain his consent after he initially voiced disagreement with the decision. In the end, the trial court found that neither parent had an advantage over the other as to capability of providing a positive involvement with each child's life.

The record demonstrates that trial court acted within the proper ambit of its discretion and that its decision was neither plainly wrong nor unsupported by the evidence. Accordingly, the trial court did not abuse its discretion in awarding joint custody and in declining to award mother primary custody. See Brown, 30 Va. App. at 538, 518 S.E.2d at 338. We, therefore, summarily affirm the judgment.

Affirmed.