COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


SHANNON T. ALEXANDER

                                                                    OPINION BY
v.       Record No. 3069-06-2                      JUDGE SAM W. COLEMAN III
                                                                   MARCH 25, 2008
DAVID S. FLOWERS


              FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                                    Timothy J. Hauler, Judge

                  Neil Kuchinsky (Kuchinsky & Yeamans, P.C., on brief), for
                  appellant.

                  Ann Brakke Campfield (Edward D. Barnes; John K. Karanian;
                  Barnes & Diehl, P.C., on brief), for appellee.


         This appeal involves a child custody and visitation dispute.  The mother challenges the

circuit court's decision changing custody of the parties' child to the father.  On appeal, mother

asserts the trial judge erred by (1) "reading and considering the transcripts of the previous

juvenile and domestic relations court proceedings prior to hearing this matter *de novo*,"

(2) failing to recuse himself for having read the transcripts, (3) "in taking 'judicial notice' of

relapse rates of cocaine addicted persons," (4) allowing father "to re-argue the appropriate award

of attorney's fees," and (5) in awarding father $16,918.50 in attorney's fees and costs.  Father

moves this Court to dismiss mother's appeal and seeks attorney's fees and costs associated with

this appeal.  For the reasons that follow, we deny the motion to dismiss and reverse the trial

court's decision.

BACKGROUND

On May 18, 2006, the juvenile and domestic relations district court heard father's motion to modify child custody and visitation. In its June 23, 2006 order, the district court, among other things, awarded father physical custody of the parties' minor child. Mother appealed that order to the circuit court. On September 26, 2006, father filed a motion for attorney's fees.

On October 3, 2006 the circuit court heard testimony and argument from the parties on the custody and visitation issues. Prior to hearing the evidence the following exchange took place between the trial judge and counsel:

> THE COURT: Let me ask you this. I have the transcript from the lower court proceedings.
>
> [FATHER'S COUNSEL]:[1] Which we had filed and made part of the record.
>
> THE COURT: It has already been filed and made a part of the record.
> I want to know what has changed since this case was heard May 18, 2006, because I have read this transcript. I want to know why we are here.
> Mr. Kuchinsky, I think you can tell me that. I hope so. And don't tell me we are here because she is entitled to a trial *de novo*, because she is entitled to a trial *de novo*.
> But if the evidence is going to be the same as it was on May 18, I can tell you right now before I listen to any further evidence, if it is going to be the same as it was on May 18, the decision is going to be the same.
>
> MR. KUCHINSKY: . . . I guess for the record also, given that the Court is saying that it has read that, I think we have to note an objection too, since we do have a trial *de novo*, we feel uncomfortable with the Court being influenced by what occurred the first time around for the record.
>
> THE COURT: It has been made part of the record, Mr. Kuchinsky.

---

[1] Father's counsel, who inexplicably filed the transcript of the juvenile and domestic relations district court proceeding in the circuit court proceeding, was not the same counsel who argued this case before us on appeal.

MR. KUCHINSKY: It was mailed in. From the letter we got, it was apparently lodged with the Court. But so far as it being made a part of the record, we haven't had any opportunity until this point to object to it.

So for that reason, we would note our objection to that coming in, Your Honor . . . . If the Court feels that it has already been influenced strongly in our direction by the reading of that transcript, we would respectfully ask the Court to consider whether it needs to recuse itself, because we certainly don't – we certainly are reluctant to go through an exercise if the Court feels like it has already been strongly influenced in one direction.

THE COURT: If the evidence is going to be the same that was presented on May 18, you can bank on the fact that the decision is going to be the same.

Now, I don't know what the evidence is going to be, Mr. Kuchinsky. But if we are going through an appeal for purposes of going through the motions and the evidence turns out to be exactly what it was on May 18, I can tell you what, we are wasting a whole lot of time, and they are going to get attorney's fees for it.

\* \* \* \* \* \* \*

But if we are going through the motions just for the sake of an appeal, I can tell you we are going to be wasting an awful lot of time, and it is going to cost your client an awful lot of money.

On October 20, 2006, the trial court entered an order awarding father custody of the minor child, deciding visitation issues and directing that the case shall "remain on [the court's] pending docket for a hearing on October 20, 2006 at 11:45 a.m. regarding [father's] request for an award of attorney's fees and costs and such other and further relief as [the] case may require." However, the order did not decide father's attorney's fees request. In an order dated November 20, 2006, the court awarded father attorney's fees of $16,918.50 and costs of $2,507.15. That award included amounts incurred in connection with the juvenile and domestic relations district court proceedings and exceeded the fees and costs originally awarded by the juvenile court for the same proceedings.

ANAYLSIS

Motion to Dismiss

On December 8, 2006, mother filed in the circuit court her Notice of Appeal, appealing to this Court "from the final judgement [sic] entered on November 20, 2006."

Code § 8.01-675.3 requires a notice of appeal to be filed "within thirty days from the date of any final judgment order, decree or conviction." Rule 5A:6 further provides that "[n]o appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal." Rule 5A:6(a).

Father asserts that except for the stated reservation that the matter of attorney's fees was still pending, the October 20, 2006 order was final. He contends that the order decided all substantive issues and contemplated no further review and left "nothing to be done in the cause save to superintend *ministerially* the execution of the [order]." Richardson v. Gardner, 128 Va. 676, 683, 105 S.E. 225, 227 (1920). He asserts that because mother did not timely appeal the October 20, 2006 order, all claims of error not related to the attorney's fees issue must be dismissed.

A final order or decree is one "'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court.'" Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (quoting Southwest Va. Hosps. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951)). However, an order that "retains jurisdiction to reconsider the judgment or to address other matters still pending" is not a final order. Super Fresh Food Mkts of Va., Inc. v. Ruffin, 263 Va. 555, 561, 561 S.E.2d 734, 737 (2002).

We held in Mina v. Mina, 45 Va. App. 215, 217, 609 S.E.2d 622, 624 (2005), that a trial court's decision expressly reserving ruling on a party's request for attorney's fees in an order

adjudicating the merits of the claim upon which the request for attorney's fees was based was not a final order for purposes of appeal.

There, the trial court heard a motion to vacate an order for future distribution of retirement pay. Id. at 218, 609 S.E.2d at 624. At the hearing, the trial court bifurcated proceedings and "reserved for a later date the arguments and evidence relating to the parties' respective requests for attorney's fees." Id. Following another hearing, the trial court entered an order that adjudicated the merits of the motion to vacate and provided that the parties could later present evidence in support of their request for attorney's fees. At a subsequent proceeding, however, the trial court denied wife's request for attorney's fees ruling that it "'no longer [had] jurisdiction to award attorney fees in this matter'" due to the constraints of Rule 1:1. Id. at 219, 609 S.E.2d at 624.

On appeal, our Court determined that the merits order was not a final order because it "did not dispose of the whole subject or grant all relief contemplated by the parties." Id. at 220, 609 S.E.2d at 625 (internal quotation marks omitted). The order only addressed the motion to vacate and provided that the parties would have additional time to present arguments concerning their claims for attorney's fees. Therefore, we held that because the merits order did not "'dispose' of the issue of attorney's fees — 'relief contemplated' by [the] parties prior to issuance of the order — the order is not a final order . . . ." Id. at 221, 609 S.E.2d at 625.

In this case, the trial court retained jurisdiction to address father's "request for an award of attorney's fees and costs and such other and further relief as this case may require." Thus, when the trial court entered the October 20, 2006 order, the parties clearly anticipated the necessity of returning to the trial court to litigate the issue of attorney's fees and any other required relief. The resolution of this issue required a further hearing. The trial court could then determine whether to award attorney's fees to father.

Consequently, because other issues remained pending before the trial court, we conclude that the October 20, 2006 order is not a final order for purposes of appeal. Mina, 45 Va. App. at 220, 609 S.E.2d at 625. The October 20, 2006 order failed to "dispose of the whole subject" or "give all the relief that [was] contemplated" and "leave[] nothing to be done by the court." Erikson, 19 Va. App. at 390, 451 S.E.2d at 712.

While we need not decide whether the October 20, 2006 order was an appealable interlocutory order, we note that "[i]t is well established that some orders of a court become appealable before they are final but need not be appealed until a final order is entered." Street v. Street, 24 Va. App. 14, 19, 480 S.E.2d 118, 121 (1997). Thus, even if mother could have appealed immediately from the October 20, 2006 order, she was not required to do so.

Mother's notice of appeal within thirty days of the November 20, 2006 order was a timely appeal of the matters decided in the October 20, 2006 order. Accordingly, father's motion to dismiss mother's appeal is denied.

I.

A party appealing to a circuit court has the right to a *de novo* trial on appeal from "any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction." Code §§ 16.1-296, 16.1-136. See also Walker v. Dep't of Public Welfare, 223 Va. 557, 562-63, 290 S.E.2d 887, 890 (1982).

> [A]n appeal from the juvenile court must be heard *de novo* by the circuit court. Code § 16.1-136. "'A *de novo* hearing means a *trial anew,* with the burden of proof remaining upon the party with whom it rested in the juvenile court.'" Parish v. Spaulding, 20 Va. App. 130, 132, 455 S.E.2d 728, 729 (1995) (quoting Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986)). A trial *de novo* in the circuit court "annuls the judgment of the [juvenile court] as completely as if there had been no previous trial . . . and . . . grants to a litigant every advantage which would have been [available to the litigant] had the case been tried originally in [the circuit] court." Walker v. Dept. of Public Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982) (citations omitted), *quoted in*

- 6 -

> Parish, 20 Va. App. at 132, 455 S.E.2d at 729. "'A court which hears a case *de novo,* which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.'" Addison [v. Salyer], 185 Va. [644,] 650, 40 S.E.2d [260,] 263 [(1946)] (quoting Gemmell, Inc. v. Svea Fire and Life Insurance, 166 Va. 95, 98, 184 S.E. 457, 458 (1936)).

Fairfax County Dep't of Family Servs. v. D.N. and S.N., 29 Va. App. 400, 406, 512 S.E.2d 830, 832-33 (1999). "It follows from these principles that, at a trial *de novo* in the circuit court, the parties are not restricted to the evidence presented before the juvenile court. The circuit court must consider all relevant evidence, even if such evidence had not been considered by the juvenile court." Id. Neither, however, are the parties required to present new evidence to the circuit court.

"Once the trial *de novo* commences in the circuit court, the district court *judgment* is annulled, *and is not thereafter available for any purpose*." Turner v. Commonwealth, 49 Va. App. 381, 386, 641 S.E.2d 771, 773 (2007) (emphasis added). In this case, the trial judge effectively denied mother a *de novo* trial by insisting that if she had no new evidence to present, he would render the same judgment as the juvenile court judge. Further, the judge indicated he would punish mother for exercising her right to a trial *de novo* by awarding father attorney's fees and in fact imposed a large attorney's fees judgment against her.

A party appealing to a circuit court has the right to a *de novo* trial "unhampered and unprejudiced" by the lower court's ruling. Baylor v. Commonwealth, 190 Va. 116, 120, 56 S.E.2d 77, 79 (1949). In this case, by requiring mother to present new or different evidence at the *de novo* hearing, the circuit court improperly shifted the burden of production and persuasion from father to mother. The court gave undue weight to the juvenile court's ruling and threatened mother with a punitive attorney's fees judgment for exercising her statutory right to a *de novo* hearing. The court's consideration of the transcript of the juvenile court hearing and its

pronouncement that its ruling would be the same as that of the juvenile court judge unless mother presented different evidence denied mother her right to a *de novo* appeal to the circuit court and was clear error.

## II. and III.

Mother further argues the trial judge abused his discretion by failing to recuse himself for having read the transcripts from the juvenile court proceedings and erred in taking judicial notice "of relapse rates of cocaine addicted persons." Because we find the trial court erred in denying mother an impartial *de novo* hearing and are remanding the case for a *de novo* hearing, these issues become moot. Accordingly, we reverse the trial court's judgment and remand the matter to the trial court for a proper *de novo* hearing before a different judge.

## IV. and V.

Mother challenges the reasonableness of the $16,918.50 attorney's fees award, arguing the sum is "absurdly large," and asserts the court erred by allowing father "to re-argue the appropriate award of attorney's fees from the juvenile court *de novo* without his having filed a cross notice of appeal or appeal bond."

In pertinent part, Code § 16.1-296(I) provides that "[i]n all cases on appeal, the circuit court in the disposition of such cases shall have all the powers and authority granted by the chapter to the juvenile and domestic relations district court."

Code § 16.1-278.19 provides as follows:

> In any matter properly before the court, the court may award attorney's fees and costs on behalf of any party as the court deems appropriate based on the relative financial ability of the parties.

In this case, it is clear from the record that rather than assessing a fee based upon the financial ability of the parties and other relevant factors, the trial court imposed the award as a punitive measure as it announced it would do. The record is devoid of any evidence concerning

- 8 -

the parties' respective financial abilities or other relevant factors. At the beginning of the October 2, 2006 hearing, the trial judge cautioned mother's counsel that "if we are going through the motions just for the sake of an appeal, I can tell you we are going to be wasting an awful lot of time, and it is going to cost your client an awful lot of money." The court indicated that if mother was not going to present any evidence other than what she presented before the juvenile court, "the decision is going to be the same," and father would "get attorney's fees for it."

As noted above, "an appeal from the juvenile court must be heard *de novo* by the circuit court." Fairfax County Dep't of Family Servs., 29 Va. App. at 406, 512 S.E.2d at 832 (citations omitted). "[A]n appeal to the circuit court from a court not of record under Code § 16.1-136 *annuls the judgment of the inferior tribunal as completely as if there had been no previous trial*." Walker, 223 Va. at 563, 290 S.E.2d at 890 (emphasis added) (citing Gaskill v. Commonwealth, 206 Va. 486, 144 S.E.2d 293 (1965)). "'A court which hears a case *de novo* . . . acts not as a court of appeals but as one exercising original jurisdiction.'" Addison, 185 Va. at 650, 40 S.E.2d at 263 (quoting Gemmell, 166 Va. at 98, 184 S.E. at 458). "Such an appeal transfers the entire record to the circuit court for retrial *as though the case had been originally brought there*." Mahoney v. Mahoney, 34 Va. App. 63, 66, 537 S.E.2d 626, 628 (2000) (*en banc*) (emphasis in original).

Here, the record clearly shows that the trial judge denied mother a *de novo* review on appeal and used the attorney's fees award as a punitive measure as he proclaimed he would prior to the hearing. The judge's action imposed upon the mother, who had appealed, the burden of proving that the juvenile and domestic relations court judge had decided the custody and visitation dispute wrongly and/or had weighed the evidence incorrectly; in doing so, the trial judge abdicated his responsibility to independently weigh the evidence, make his own credibility determinations, and decide in the exercise of his sound discretion in which parent custody should

- 9 -

be vested so as to serve the best interest of the child.  Instead, as a punitive measure for pursuing her right to a trial *de novo* the court imposed a punitive award of attorney's fees.  Accordingly, we reverse the court's attorney's fees award and remand that issue to the trial court for a determination of the appropriate amount of fees, if any, based upon the legal services rendered in the circuit and juvenile and domestic relations district courts and the financial abilities of the parties.  Code § 16.1-278.19.

## VI.

Finally, Flowers requests costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum
> to determine the propriety of an award of attorney's fees for efforts
> expended on appeal is clear.  The appellate court has the
> opportunity to view the record in its entirety and determine
> whether the appeal is frivolous or whether other reasons exist for
> requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  In this context, and upon consideration of the entire record in this case, we hold that mother's appeal to this Court was not frivolous and, accordingly, Flowers is not entitled to costs or attorney's fees in the matter.

Reversed and remanded.