COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Clements and Senior Judge Annunziata


WAYNE L. RODGERS

                                                      MEMORANDUM OPINION[*]
v.        Record No. 0404-07-3                              PER CURIAM
                                                      SEPTEMBER 30, 2008
KELLY D. RODGERS


              FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                          Dennis L. Hupp, Judge

              (Wayne L. Rodgers, *pro se*, on brief).

              No brief for appellee.


         Wayne L. Rodgers (father) appeals the trial court's custody determination.  On appeal,

father argues that the trial court erred by (1) affirming the ruling of the juvenile and domestic

relations district court, as opposed to conducting a *de novo* hearing, (2) modifying custody without a

material change of circumstances, (3) not identifying the primary reasons for the change in custody,

and (4) violating father's constitutional rights by awarding sole custody to mother.  Upon reviewing

the record and father's opening brief, we summarily affirm the decision of the trial court.  Rule

5A:27.

                                      BACKGROUND

         On March 30, 2006, the Shenandoah County Circuit Court ordered that the parties would

have joint legal custody of their son and that Kelly D. Rodgers (mother) shall have primary

physical custody.  This order defined custody and established a detailed visitation schedule.

---

         [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 6, 2006, the Shenandoah County Juvenile and Domestic Relations District Court (the JDR court) ordered that mother shall have sole legal custody of the parties' son. The physical custody arrangements were not modified. The JDR court granted mother sole legal custody because father engaged in "disruptive and destructive" behaviors toward the child. Furthermore, the JDR court held that father did not follow the prior orders relating to communication with mother, including notifying mother of significant issues. The JDR court further held that father made disparaging remarks about mother and that he put his needs before the child's needs. Father appealed the ruling to the circuit court.

On February 22, 2007, the circuit court entered an order granting sole custody of the child to the mother. The circuit court adopted the JDR court's findings in its order. Father timely noted his appeal.[1]

There was no transcript of the circuit court hearing. A written statement of facts contains nothing more than copies of the previous court orders. The written statement of facts did not discuss the proceedings, did not include a summary of the witness testimony or the parties' motions and arguments, and did not contain any objections to the judge's findings or rulings.

ANALYSIS

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

*De Novo* hearing

Father argues that he was denied a *de novo* hearing because the circuit court stated in its order that:

---

[1] Father also appealed his contempt conviction of violating the custody order. The criminal contempt conviction is the subject of a separate appeal, Record No. 0405-07-3.

The Court does award sole custody of the child . . . to the mother. The Court makes this award for the same reasons as expressed by the Honorable Elizabeth Kellas, Judge, in the Shenandoah Juvenile and Domestic Relations District Court in her order dated June 6, 2006. The Court adopts her reasoning by reference.

The order also states "the Court did conduct a hearing ore tenus."

An appeal from the juvenile and domestic relations district court shall be heard *de novo* in the circuit court. Code §§ 16.1-136, 16.1-296; see Alexander v. Flowers, 51 Va. App. 404, 413, 658 S.E.2d 355, 359 (2008); Peple v. Peple, 5 Va. App. 414, 419, 364 S.E.2d 232, 236 (1988). "A party appealing to a circuit court has the right to a *de novo* trial 'unhampered and unprejudiced' by the lower court's ruling." Alexander, 51 Va. App. at 414, 658 S.E.2d at 359 (quoting Baylor v. Commonwealth, 190 Va. 116, 120, 56 S.E.2d 77, 79 (1949)).

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992). A transcript or summary of the circuit court's proceedings is indispensable, and without such, we are unable to determine whether a *de novo* hearing occurred. Therefore, we cannot address this issue.

<u>Material change of circumstances</u>

Father argues that the circuit court erred in modifying custody from joint legal custody to sole legal custody because there was no material change of circumstances.

In order to modify custody, the court must use a two-prong test: "first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983).

Father contends that the only change since the last custody order was that he took his son to get his hair cut. He argues that a haircut is not a material change of circumstances.

Although there was no transcript, the record indicates that the change in custody was based on more than the haircut. The record shows that father engaged in "disruptive and destructive" behavior toward the child. Father did not appropriately communicate with mother, nor did he notify her of significant issues regarding the child. He also made disparaging remarks about mother.

The record before us reveals that father's inappropriate behavior was the material change of circumstances that led to the change of custody. As such, we cannot say that the circuit court erred in making its determination.

### Reasons for change of custody

Father argues that the court erred by not identifying the primary reason or reasons for changing custody, pursuant to Code § 20-124.3.

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Id. However, a court "'is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). See also Brown, 30 Va. App. at 538, 518 S.E.2d at 338.

The circuit court was not required to identify the primary reasons for the change in custody, so long as it considered the factors in Code § 20-124.3, which it did. The court cited examples of father's behavior that precipitated the change in custody. Therefore, we find no error in the ruling.

### Constitutional rights as a parent

Father argues that his constitutional rights as a parent, under the Fourteenth Amendment, were violated when the court awarded sole custody to the mother, but did not find him unfit.

"[T]he right of the parents in raising their child is a fundamental right protected by the Fourteenth Amendment," and "state interference with a fundamental right must be justified by a compelling state interest, and that to constitute a compelling interest, 'state interference with a parent's right to raise his or her child must be for the purpose of protecting the child's health or welfare.'" Williams v. Williams, 256 Va. 19, 21, 501 S.E.2d 417, 418 (1998) (quoting Williams v. Williams, 24 Va. App. 778, 783, 485 S.E.2d 651, 654 (1997)).

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

> As between the two natural parents of a child, a decree granting one of them custody of their child is not *ipse dixit* "an adjudication that the parent not receiving custody of the child is an unfit person to have its custody and does not amount to a severance of the parent and child relationship."

Elder v. Evans, 16 Va. App. 60, 64, 427 S.E.2d 745, 747 (1993) (quoting Judd v. Van Horn, 195 Va. 988, 994, 81 S.E.2d 432, 435 (1954)).

Father's rights as a parent were not terminated when the circuit court awarded sole custody to the mother. He was not declared an unfit parent. However, the circuit court decided that it was in the child's best interests for mother to have sole custody. The record reflects a long history between these two parents where they cannot agree on matters regarding their son. The court determined that it was in the child's best interests for one parent to have the primary authority to make decisions for the child, and the court found that mother was the appropriate parent to be making those decisions. The circuit court did not violate father's constitutional rights by awarding sole custody to mother. The circuit court acted in the best interests of the child.

## CONCLUSION

The circuit court's ruling of sole legal custody to the mother is affirmed.

Affirmed.