COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Alston and Senior Judge Coleman


ERNEST GEORGE MINNS

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0476-08-1                          PER CURIAM
                                                      APRIL 21, 2009
KIM M. CRUMP


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     Joseph A. Leafe, Judge Designate

            (Ernest George Minns, *pro se*, on brief).

            No brief for appellee.


        Ernest George Minns appeals an order entered on February 12, 2008 by the Circuit Court of

the City of Portsmouth (the trial court).  Minns argues that the trial court erred by (1) not dismissing

the juvenile and domestic relations district court's (the JDR court) final custody order because

the JDR court did not have jurisdiction; (2) not finding the Virginia One Parent Notification Law

(Code §§ 16.1-263 and 16.1-264) unconstitutional; (3) not finding the JDR court's custody order

void; and (4) prejudicially acting against Minns because appellee Kim M. Crump is an attorney

who regularly practices in the trial court.  Upon reviewing the record and Minns' brief, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.[1]

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] On March 31, 2009 the appellant filed a petition for writ of certiorari requesting that
this Court direct the trial court to forward the JDR court summons referencing the appellant and
dated June 22, 2007.  As the trial court had previously sent the said item to this Court on May 9,
2008 and it is a part of the trial court record that was before this Court on appeal, no action with
regard to the appellant's request is necessary.

BACKGROUND

On June 20, 2007, Crump filed a custody petition. On June 22, 2007, the clerk's office prepared the summons. On June 25, 2007, the JDR court conducted an initial hearing and awarded temporary custody of the parties' child to Crump and supervised visitation to Minns. Minns was not present at the initial hearing on June 25, 2007.

Five days before a final custody hearing scheduled for September 19, 2007, Minns filed an objection to the JDR court's jurisdiction. Minns had notice of the September 19 hearing, but failed to appear.[2] Minns appealed the JDR court's custody determination.

On January 22, 2008, the trial court conducted a hearing on Minns' appeal. Minns asked the trial court to declare the JDR court proceedings null and void, claiming the JDR court had no jurisdiction. He also alleged misconduct by various employees of the judicial system. The trial court denied Minns' motion, and advised him that it would hear his evidence pertaining to his appeal. Minns refused to present any evidence and left the courtroom. The trial court dismissed Minns' appeal.

ANALYSIS

On appeal, Minns contends the trial court erred in failing to dismiss the JDR court's final custody order on the grounds that the JDR court had no jurisdiction. Specifically, he claims he had no notice of the initial custody hearing conducted on June 25, 2007. For this reason, he argues, the trial court erred in failing to find the JDR court's custody order void. We disagree with Minns.

> [A]n appeal from the juvenile court must be heard *de novo* by the circuit court. Code § 16.1-136. . . . "'A court which hears a case *de novo*, which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.'" Addison [v. Salyer], 185 Va.

---

[2] Minns does not dispute that he had notice of the September 19, 2007 hearing.

- 2 -

[644,] 650, 40 S.E.2d [260,] 263 [(1946)] (quoting Gemmell, Inc.
v. Svea Fire and Life Insurance, 166 Va. 95, 98, 184 S.E. 457, 458
(1936)).

Alexander v. Flowers, 51 Va. App. 404, 413, 658 S.E.2d 355, 359 (2008) (quoting Fairfax

County Dep't of Family Servs. v. D.N. and S.N., 29 Va. App. 400, 406, 512 S.E.2d 830, 832-33

(1999)). "'Once the trial *de novo* commences in the circuit court, the district court *judgment* is

annulled, *and is not thereafter available for any purpose.*'" Id. at 414, 658 S.E.2d at 359

(quoting Turner v. Commonwealth, 49 Va. App. 381, 386, 641 S.E.2d 771, 773 (2007)

(emphasis added in original)).

Applying these principles to the facts of this case, we conclude the trial court did not err

in failing to dismiss the JDR court's final custody order on the grounds that the JDR court had no

jurisdiction. Because the custody matter in the trial court was heard *de novo*, the JDR court's

ruling was annulled. Thus, any issues regarding notice to Minns of the initial JDR custody

proceeding that occurred on June 25, 2007 were rendered moot. Accordingly, we conclude the

trial court did not err in failing to find the JDR court's custody order void.

Minns further contends "the lack of notice or service of process upon [him] [pertaining to

the June 25, 2007 hearing], under [the Virginia One Parent Notification Law] in Code

[§§ 16.1-263 and 16.1-264,] disregards [his] liberty interest." Thus, he claims these statutes

"should be declared unconstitutional under the Due Process Clause, by reason of the Fourteenth

Amendment." Because we conclude the custody matter heard *de novo* in the trial court rendered

moot any issues pertaining to notice of the June 25, 2007 hearing in the JDR court, we need not

address whether Code §§ 16.1-263 and 16.1-264 are unconstitutional.

Minns also claims the trial court erred in acting prejudicially against him because

appellee Kim M. Crump is an attorney who regularly practices in the trial court. The record

contains no evidence that the trial court acted in a prejudicial manner, as Minns was afforded the opportunity to present his case, but chose not to do so.

Accordingly, the trial court's decision is affirmed.  Rule 5A:27.

<u>Affirmed.</u>