# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Paul Stuart Giles

December 10, 2013

Case Nos. CJ13000031 and CJ13000032

BY JUDGE CHARLES N. DORSEY

The parties are before the Court on appeals filed by both the defendant, Paul Stuart Giles, and the Commonwealth stemming from a commitment review hearing held by the Roanoke City Juvenile and Domestic Relations Court ("Juvenile Court") on September 25, 2013.

In his appeal, Giles asks the Court to review the Juvenile Court's September 25 order continuing his indeterminate commitment with the Department of Juvenile Justice. In turn, the Commonwealth asks the Court to void the Juvenile Court's setting of an appeal bond at the September 25 hearing because that court lacked jurisdiction over the matter pursuant to Va. Code § 16.1-289.

For the reasons that follow, the Court finds that this case is properly before it and will hear the matter *de novo*.

## Factual and Procedural Background

On June 27, 2013, the Juvenile Court found Giles guilty of a probation violation. Adjudication Hearing, Case No. JJ028909-19-00, June 27, 2013. On July 25, 2013, the Juvenile Court found Giles guilty of Assault and Battery, Va. Code § 18.2-57.2. Juvenile Commitment Order, July 25, 2013. Accordingly, that court ordered Giles to be placed in indeterminate commitment with the Department of Juvenile Justice and scheduled a commitment review hearing for September 23, 2013. Disposition Order - Delinquency, Case No. JJ028909-19-00, July 25, 2013, Juvenile Commitment Order, July 25, 2013. In its Disposition Order, the Juvenile Court also noted its denial of a "request to appeal" by one of the parties, presumably the defendant. Disposition Order - Delinquency Case,

July 25, 2013. Immediately following that note is a parenthetical that states "[n]ot a final order." *Id.*

According to the Commonwealth, the Juvenile Court rescheduled the commitment review hearing for September 25, 2013. Commonwealth's Mot. to Appeal the Setting of the Appeal Bond ¶ 3. At that hearing, the Commonwealth argued that the Juvenile Court no longer had jurisdiction over the matter under Va. Code § 16.1-289 because more than sixty days elapsed since the July 25 hearing. *Id.*

The chain of events that followed is less clear, and the record offers little guidance. Apparently, the Juvenile Court rejected the Commonwealth's jurisdictional argument, and, by its Disposition Notice of September 25, continued Giles' indeterminate commitment with the Department of Juvenile Justice. Disposition Notice, Case No. JJ028909-18-00, Sept. 25, 2013. The September 25 notice does not note any appeal or set an appeal bond.

The Juvenile Court entered a second Disposition Notice on September 26. Disposition Notice, Case Nos. JJ028909-18-00, JJ028909-19-00, Sept. 26, 2013. In that second notice, the Court continued Giles' indeterminate commitment but noted appeals in both the assault and battery and probation violation cases. That second notice also set a secured appeal bond of $1,000.00. *Id.*

Confusing matters further, however, the Juvenile Court's records also include a "Disposition of Delinquency" form from the September 25 hearing that purports to "amend[] the prior disposition," orders Giles to "complete commitment," and recommends that Giles serve the "minimum length of stay." Review Hearing - Disposition of Delinquency/ Child in Need of Services or Supervision, Case Nos. JJ028909-18-00, JJ028909-19-00, Sept. 25, 2013. A handwritten amendment on that form dated September 26 sets a $1,000.00 unsecured appeal bond in the case. *Id.*

The defendant filed his appeal of the Juvenile Court's September 25 decision the very same day, and the Commonwealth noted its appeal of the Juvenile Court's September 25 decision on October 3. The parties appeared before this court on October 21, 2013, and the Commonwealth moved the Court to set aside the appeal bond based on the same Va. Code § 16.1-289 jurisdictional argument it made in the Juvenile Court. The Court denied that motion. Meanwhile, Giles turned eighteen on October 19, 2013, and moved from juvenile detention to the Roanoke City Jail.

## Analysis

The Commonwealth asks the Court to void the Juvenile Court's September 25 decision setting an appeal bond because that court lacked jurisdiction to hold the commitment review hearing on September 25 pursuant to Virginia Code § 16.1-289 as more than sixty days had passed since the original commitment hearing date. The Commonwealth also

argues that Giles failed to perfect his appeal within ten days from the Juvenile Court's original commitment order on July 25. Giles appeals the Juvenile Court's September 25 decision continuing his indeterminate commitment with the Department of Juvenile Justice.

Because the Commonwealth's argument is jurisdictional, the Court must address that argument first.

A. An appeal may be taken to the circuit court within ten days from the entry of any final order, judgment, or conviction of the juvenile court and will be heard *de novo*. Va. Code § 16.1-296(A). "A *de novo* hearing means a trial anew . . . [and] a trial *de novo* in the circuit court annuls the judgment of the juvenile court as completely as if there had been no previous trial. . . ." *Alexander v. Flowers*, 51 Va. App. 404, 413, 658 S.E.2d 355, 359 (2008) (internal quotations omitted). Indeed, a trial *de novo* in the circuit court means the appealing party has the right to a trial "unhampered and unprejudiced by the lower court's ruling." *Id.* at 414, 658 S.E.2d at 359 (internal quotations omitted). A court hearing a case *de novo* "which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction." *Id.* at 413, 658 S.E.2d at 359 (quoting *Addison v. Salyer*, 185 Va. 644, 650, 40 S.E.2d 260, 263 (1946)).

A "delinquency or commitment order is a final order." *Richardson v. Commonwealth*, 28 Va. App. 389, 391-92, 504 S.E.2d 884, 885 (1998). Additionally, "a commitment review order revoking, modifying, or continuing the commitment is [also] a final, appealable order as to the decision whether to revoke, modify, or continue the commitment." *Id.*

Virginia Code § 16.1-289 addresses the review of commitment orders and states:

> [t]he juvenile court or the circuit court, as the case may be, of its own motion may reopen any case and may modify or revoke its order. The . . . court shall before modifying or revoking such order grant a hearing after notice in writing to the complainant, if any, and to the person or agency having custody of the child; provided, however, that this section shall not apply in the case of a child committed to the Department after sixty days from the date of the order of commitment.

Thus, a trial judge has no authority to consider additional matters, modify, or revoke a commitment order more than sixty days after the date of the order of commitment. *Washington v. Commonwealth*, No. 1002-06-4, 2007 Va. App. LEXIS 278, at *11 (Va. App. July 24, 2007). An order stemming from a commitment review hearing held more than sixty days after the original commitment order is void *ab initio* because the court lacks jurisdiction. See *Holland v. Commonwealth*, No. 0965-12-3,

62 Va. App. 445, 749 S.E.2d 206, 2013 Va. App. LEXIS 290, at *11-12 (Va. App. Oct. 22, 2013).

Rule 8:20 of the Rules of the Supreme Court of Virginia addresses appeals from the juvenile and domestic relations general district courts and clearly states that "[a]ll appeals shall be noted in writing. An appeal is noted upon timely receipt in the clerk's office of the writing. An appeal may be noted by a party or by the attorney for such party." Rule 3A:19(b), titled "Appeal from Conviction in a Juvenile and Domestic Relations District Court," however, states:

> The accused or his counsel shall advise the judge or clerk of the juvenile and domestic relations district court, within 10 days after conviction, of his intention to appeal. The appeal shall be noted on the warrant or summons and, if the accused does not withdraw his appeal before the expiration of the 10-day period, the papers shall be filed with the circuit court at the end of such period. Paying a fine or beginning to serve a sentence does not impair the right to appeal.

A juvenile's right to appeal a final order from the juvenile court is entirely statutory, and it may be impliedly waived if he misses the ten-day deadline, even if he does so entirely by mistake. *Congdon v. Commonwealth*, 57 Va. App. 692, 696, 705 S.E.2d 526, 528 (2011).

B. The Commonwealth is correct that the Juvenile Court lacked jurisdiction to hold the commitment review hearing more than sixty days after the original commitment hearing. The Court disagrees, however, with the Commonwealth's assertion that Giles did not properly note an appeal to the July 25 commitment order.

Giles substantially complied with the requirements of Rule 3A:19(b) because he gave proper notice to the Juvenile Court of his intention to appeal the July 25 commitment order, and that notice was preserved in writing and filed in the clerk's office. Because an appeal properly taken to the circuit court within ten days will be heard *de novo*, the court must hear this matter as if there had been no trial or proceeding below.

Here, Rule 3A:19(b) is applicable because the Juvenile Court convicted Giles of assault and battery of a family or household member, a misdemeanor. Va. Code § 18.2-57.2. The record is clear that Giles' attorney advised the Juvenile Court judge of his intention to appeal the July 25, 2013, commitment order.

This begs the question of who is responsible for fulfilling Rule 3A:19(b)'s requirement that the appeal be noted on the warrant or summons. The Juvenile Court did, however, note Giles' request to appeal and the court's subsequent denial of that request in writing on the July 25, 2013, Disposition

Order. The Court gave copies of that order to all of the parties, filed it in the case file, and returned the file to the clerk's office.

This is not a case where the defendant mistakenly waived his right to appeal by missing the ten-day deadline. Moreover, Giles did not waive his appeal by serving his sentence. Rule 3A:19(b); see also *Gravely v. Deeds,* 185 Va. 662, 665, 40 S.E.2d 175, 176-77 (1946). While Giles' notice of appeal was not "noted on the warrant or summons" held by the juvenile court judge or clerk, the notice of appeal was noted and preserved in writing on the Disposition Order and timely received in the clerk's office, substantially complying with both Rule 3A:19(b) and Rule 8:20.

Therefore, Giles' properly appealed the Juvenile Court's July 25, 2013, Disposition Order, and this Court will review the case *de novo.*

## Conclusion

Giles properly advised the Juvenile Court of his intention to appeal the July 25 commitment order. The Juvenile Court noted Giles' intention to appeal and filed it in the clerk's office. Thus, this case is properly before this Court, and the Court must hear the matter *de novo.*