COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Alston
Argued at Richmond, Virginia

UNPUBLISHED

COLLEEN BETH HIGGINS

v.     Record No. 1965-16-2

LAURIE JOHN PEARCE

MEMORANDUM OPINION* BY
JUDGE ROSSIE D. ALSTON, JR.
NOVEMBER 28, 2017

FROM THE CIRCUIT COURT OF HENRICO COUNTY
L.A. Harris, Jr., Judge

Amanda Padula-Wilson (Parental Rights Law Center, on briefs),
for appellant.

(Laurie John Pearce, on brief), *pro se*.

Lauren A. Caudill (Jacobs, Caudill & Gill, on brief), Guardian *ad litem* for the minor child.

Colleen Higgins ("appellant") appeals the decision of the Circuit Court of Henrico County ("trial court"), awarding sole physical and legal custody of the parties' minor child to Laurie Pearce ("appellee"), and argues that the trial court committed constitutional and procedural error by denying her the right to a fair trial, requiring reversal and remand for a new trial. We find that the trial court did not err and affirm.

BACKGROUND[1]

Z.H. is a minor child, parented jointly by the parties up until their separation in 2015. In late 2015, custody and visitation proceedings began in the Juvenile and Domestic Relations

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On appeal, appellant raises allegations of constitutional and procedural error in the trial court, but does not assert that the trial court incorrectly considered the factors enumerated in Code § 20-124.3. Thus, we include only the facts relevant to appellant's assignments of error.

District Court of Henrico County (JDR court), and the parties agreed to a temporary custody and visitation schedule pending an adjudicatory hearing. After the adjudicatory hearing, the JDR court ordered joint legal custody between the parties but primary physical custody with appellee. In February 2016, appellant appealed to the trial court. The parties initially set the case for a one-day trial, a lengthier period of time than the hearing in the JDR court. In August 2016, approximately one month before the trial date, appellant filed and argued a continuance motion, requesting two days to present the case. The trial court stated that it would only approve a continuance if both parties agreed to follow a temporary custody and visitation plan based on the guardian *ad litem's* ("GAL") recommendations. The parties did not agree, and trial commenced in September 2016, during which appellant repeatedly renewed her continuance request. During the trial, the trial court frequently reminded the parties how much time each had remaining to present its case. Both parties sought primary physical custody of the child. At the conclusion of the parties' evidence, the trial court awarded sole legal and physical custody to appellee. This appeal followed.

ANALYSIS

I. Appellant Received a Full and Fair *De Novo* Trial

In appellant's first assignment of error, she argues that the trial court erred by limiting her time to present her evidence and by hampering her ability to cross-examine appellee, denying appellant her constitutional due process right to a full and fair *de novo* trial. We disagree.

This issue presents purely legal questions of statutory and constitutional interpretation that we review *de novo*. Copeland v. Todd, 282 Va. 183, 193, 715 S.E.2d 11, 16 (2011).

Appellant begins by stating the statutory standard by which the circuit courts entertain appeals from the juvenile courts, but provides no specific allegation that the trial court misapplied it here. Code § 16.1-296(A) states: "[f]rom any final order or judgment of the

juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within 10 days from the entry of a final judgment, order or conviction and shall be heard *de novo*."

Appellant relies on Andrews v. Flowers, 51 Va. App. 404, 413, 658 S.E.2d 355, 359 (2008) (quoting Fairfax Cty. Dep't of Family Servs. v. D.N. and S.N., 29 Va. App. 400, 406, 512 S.E.2d 830, 832-33 (1999)), which states that "[a] *de novo* hearing means a trial anew, with the burden of proof remaining upon the party with whom it rested in the juvenile court." Here, the record reflects that appellant received a new trial in the trial court, that all necessary parties were present, and that evidence was presented in the trial court without any influence from the JDR court. Notably, appellant did not direct the Court to anything within the record to purportedly show that the trial was not *de novo*. Thus, appellant's claim that the trial court did not properly conduct a *de novo* trial under the statute is without merit.

Appellant next argues that she was denied her right to due process because the trial court did not allow her sufficient time to present her evidence. The Fourteenth Amendment to the United States Constitution provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The relationship between a parent and child is a constitutionally protected liberty interest under the Due Process Clause of the Fourteenth Amendment." L.F. v. Breit, 285 Va. 163, 182, 736 S.E.2d 711, 721 (2013) (quoting Troxel v. Granville, 530 U.S. 57, 65 (2000)). The Supreme Court of Virginia has held that "[a] day in court, an opportunity to be heard, is an integral part of due process of law, everywhere recognized." Moore v. Smith, 177 Va. 621, 626, 15 S.E.2d 48, 49 (1941). "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

In support of this claim, appellant cites numerous cases but relies primarily on Gregory v. Martin, No. 0431-14-3, 2014 Va. App. LEXIS 312 (Va. Ct. App. Sept. 16, 2014). However, Gregory is inapplicable because there, the trial court *did not hear any evidence or make any findings* regarding the statutory requirements for an adoption. Id. at *10. Therefore, this Court held that the mother's due process rights were violated when the trial court denied her motion for visitation. Id. at *10-11.

Here, in contrast, appellant called multiple witnesses and presented an abundance of evidence to the trial court. Recognizing the principle of the presumption of regularity, we assume that the trial court considered appellant's evidence when rendering its custody and visitation determination. The record also reflects that the trial court properly considered the statutory factors in Code § 20-124.3 in reaching its decision. The trial court properly adjudicated custody and visitation, and therefore, did not deprive appellant of her right to due process.

Finally, appellant argues that the trial court erred by denying her the right to cross-examine appellee. Virginia has recognized a fundamental right to cross-examination on a matter relevant to the litigation. Campbell v. Campbell, 49 Va. App. 498, 504, 642 S.E.2d 769, 772 (2007). Code § 8.01-401(A) provides that "[a] party called to testify for another, having an adverse interest, may be examined by such other party according to the rules applicable to cross-examination." We are mindful that "the latitude permissible in cross-examination of witnesses is largely within the sound discretion of the trial court." Basham v. Terry, 199 Va. 817, 824, 102 S.E.2d 285, 290 (1958). "Yet cross-examination on a matter relevant to the litigation and put in issue by an adversary's witness during a judicial investigation is not a privilege but an absolute right." Id. (quoting 20 Michie's Jurisprudence Witnesses § 36).

The trial court limited the amount of time each party had to present its case because the parties themselves had set the trial for one day. Both parties were aware of the time constraints,

and were repeatedly advised by the trial court to determine the best use of their time. While appellant argues that she did not have sufficient time to thoroughly cross-examine appellee, the record shows that the trial court gave her additional time beyond what she was originally allotted. Appellant asserts that the trial court informed her that "it would be limiting [appellant's] cross-examination of [appellee's] witnesses," but that is not an accurate representation of what occurred. Rather, the trial court frequently apprised appellant of her overall time budget, stating, for example, "the way you use your time is certainly up to you. I'm just trying to help you . . . [y]ou've got 15 minutes left . . . like every other decision we need to make the decisions of what's important or not."

Appellant relies on Campbell v. Campbell, 49 Va. App. 498, 642 S.E.2d 769, for the principle that the trial court improperly prohibited the presentation of her case. In Campbell, however, the trial court had *entirely prohibited* the husband from cross-examining two material witnesses due to the depletion of his allocated time. See id. at 505, 642 S.E.2d at 773. Because those witnesses testified on material issues, the trial court had abused its discretion by not allowing *any* cross-examination. Id. Here, the trial court provided appellant with substantial latitude to cross-examine appellee, even though her allotted time had already expired. Appellant correctly points out that the right to cross-examine witnesses on material issues is fundamental, but that does not require trial courts to not require adherence to the schedule the parties agreed to or completely defer to the litigants' trial prerogatives, for that would nullify the authority and responsibility of trial courts to facilitate and control their proceedings. See Basham, 199 Va. at 824, 102 S.E.2d at 290. The trial court in Campbell "abused its discretion by its arbitrary refusal to allow *any cross-examination whatsoever*." Campbell, 49 Va. App. at 505, 642 S.E.2d at 773 (emphasis added). That scenario is not present here.

Accordingly, the trial court did not violate appellant's constitutional right to a fair trial.

II.  The Trial Court Did Not Violate Appellant's Constitutional Rights as a Parent

In her second assignment of error, appellant argues that the trial court violated appellant's constitutional rights as a parent, relying on much of the same reasoning as in her first assignment of error.  We disagree.

Again, we are confronted with a question of constitutional interpretation that we review *de novo*.  Copeland, 282 Va. at 193, 715 S.E.2d at 16.

Appellant asserts that the trial court violated her right to due process by granting sole legal and physical custody to appellee because it removed appellant's right to parent her children.  We recognize that the relationship between a parent and child is a constitutionally protected liberty interest under the Due Process Clause of the Fourteenth Amendment.  See Troxel, 530 U.S. at 65 (citing Prince v. Massachusetts, 321 U.S. 158 (1944); Pierce v. Society of Sisters, 268 U.S. 510, 534-45 (1925); Meyer v. Nebraska, 262 U.S. 390, 399 (1923)).  However, "[i]n matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child."  Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

Appellant cites to Stanley v. Illinois, 405 U.S. 645 (1972), wherein the Supreme Court of the United States wrote:

> [t]he State's interest in caring for Stanley's children is *de minimis* if Stanley is shown to be a fit father.  It insists on presuming rather than proving Stanley's unfitness solely because it is more convenient to presume than to prove.  Under the Due Process Clause that advantage is insufficient to justify refusing a father a hearing when the issue at stake is the dismemberment of his family.

Id. at 657-58.  However, Stanley is inapplicable because it involved an unwed biological father who was never accorded legal-parent status under state law.  Id. at 649.  In contrast, Virginia law has made appellant a legal parent, this proceeding in no way removed that status from her, and the trial court afforded her a hearing on the question of whether she would have physical custody

or visitation. The trial court determined that legal and physical custody should be granted to appellee pursuant to the factors within Code § 20-124.3. In her brief, appellant repeatedly states that her parental rights were *terminated*, however, no Code § 16.1-283 hearing occurred in either the JDR court or the trial court, so the trial court never considered that disposition. This was a custody and visitation dispute between parents in which appellant was awarded specific visitation rights, thus allowing her to spend time with her child, a result that would not occur in a termination proceeding. The trial court correctly focused on the best interests of the minor child in rendering its decision, and did not violate appellant's due process rights.

Appellant next argues that the trial court violated the Equal Protection Clause by improperly determining custody based on the best interests of the child standard. The Fourteenth Amendment of the United States Constitution provides, in pertinent part, that "no state shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." Yarborough, 217 Va. at 978, 234 S.E.2d at 291.

Appellant relies on Quilloin v. Walcott, 434 U.S. 246 (1978), in asserting that the trial court violated her equal protection rights by awarding custody to appellee. Quilloin involved a biological father who, like Peter Stanley, had been denied legal-parent status altogether. Id. at 249 ("the mother is the only recognized parent"). The Supreme Court of the United States affirmed the denial of the father's efforts. In dicta, the Court stated:

> We have little doubt that the Due Process Clause would be offended "[i]f a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest."

Id. at 255 (quoting Smith v. Organization of Foster Families, 431 U.S. 816, 862-63 (1977) (Stewart, J., concurring in judgment)).  Appellant relies on Quilloin's reference to "the children's best interest" in attempting to analogize the standard applied in this case.  However, Quilloin is inapplicable because it concerned adoption, hence a permanent termination of parental rights.  When a trial court determines *custody and visitation disputes between parents*, it is axiomatic that it must consider the best interests of the child.  See Griffin v. Griffin, 41 Va. App. 77, 83, 581 S.E.2d 899, 902 (2003).  Here, the trial court considered the best interests of this child and determined that appellee should have full legal and physical custody.

Furthermore, we previously addressed this issue in Wiencko v. Takayama, 62 Va. App. 217, 228, 745 S.E.2d 168, 173 (2013), in which we held that a trial court did not violate the Equal Protection Clause in granting custody of the children to the mother rather than to the father.  We noted that the trial court had carefully weighed the evidence and based its decision on the individual facts of the case and the factors listed in the statute.  Id. at 229, 745 S.E.2d at 174.  The same is true in this case, where the trial court reviewed the evidence and awarded custody to appellee.

Appellant has not persuaded us that the trial court's custody determination violated her constitutional rights as a parent, either under the Due Process Clause or the Equal Protection Clause.  Therefore, we affirm the trial court's ruling.

### III.  The Trial Court Did Not Abdicate Its Authority to the GAL

In her final assignment of error, appellant argues that the trial court erred when it denied appellant's continuance motion and that it abdicated its judicial authority to the GAL.  We disagree.

> The decision to grant a motion for continuance is within the sound
> discretion of the trial court and must be considered in view of the
> circumstances unique to each case.  The trial court's ruling on a motion

for continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant.

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007). The Virginia Supreme Court has established a two-pronged test for determining whether a trial court's denial of a continuance request is reversible error. See Lebedun v. Commonwealth, 27 Va. App. 697, 712-13, 501 S.E.2d 427, 434 (1998). We may reverse a trial court's denial of a continuance motion only if it appears from the record that: (1) the court abused its discretion and (2) the movant was prejudiced by the court's decision. Id.

The trial court thus possesses substantial discretion when considering whether to grant or deny a continuance motion. See Haugen, 274 Va. at 34, 645 S.E.2d at 265. In this case, nothing indicates that the trial court abused its discretion; it entertained argument by both parties and determined that a continuance was not warranted. Appellant did not point to sufficient evidence within the record showing that she was prejudiced by the trial court's decision or that the trial court acted unreasonably. Thus, the trial court's denial of the continuance motion was not an abuse of discretion.

Additionally, the record does not support appellant's contention that the trial court abdicated its judicial authority to the GAL. When the trial court heard argument on the continuance motion, it stated that it would not grant a continuance unless both parties agreed to follow the custody and visitation plan formulated by the GAL in the interim until trial. Trial courts are expected to consider the recommendations of the GAL. See Bottoms v. Bottoms, 249 Va. 410, 420, 457 S.E.2d 102, 108 (1995).

Appellant posits that this case involves the same issues presented in Reilly v. Reilly, No. 1369-15-2, 2016 Va. App. LEXIS 343, at *15-17 (Va. Ct. App. Dec. 13, 2016), in which this Court specifically condemned a trial court's improper reliance on a GAL. In Reilly, the trial court entered a custody order stating that "[s]upervision can be altered IN WRITING by the

Guardian ad Litem based on Mother's strict compliance with the conditions and other provisions set forth in this Order." Id. at *16. The Court recognized that this language allowed the GAL to amend custody and visitation *without any notice* to the trial court and *without a hearing or ruling* from the trial court. Id. at *16-17. There, the GAL possessed independent authority to gauge whether or not the mother complied with the order. Id. Here, we are unable to find that the GAL had the same independent authority to control custody and visitation as was the case in Reilly, but even if it had, any error would have been harmless because the trial court rendered the final custody and visitation adjudication at the conclusion of the *de novo* trial.

In her brief, appellant highlights the trial court's characterization that visitation would continue "as outlined by the [GAL]." Appellant asserts that this amounts "to allowing the [GAL] to determine visitation." We disagree. A trial court does not abdicate its authority by merely ordering the parties to consider a GAL's recommendations or plan. This case differs significantly from Reilly because at no point did the trial court ever indicate, explicitly or implicitly, that the GAL could unilaterally amend the conditions of custody and visitation based solely on the GAL's determination of compliance. The routine language utilized by the trial court pending trial does not in any respect rise to the level of an abdication of judicial authority.

As such, the trial court did not err in denying the continuance motion or by requiring the parties to comply with the GAL's plan, pending the upcoming trial and the trial court's decision at trial on custody and visitation.

## IV. Attorney's Fees and Costs on Appeal

Both parties seek an award of attorney's fees and costs on appeal. We deny both requests.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine

- 10 -

> whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Upon consideration of the entire record on appeal, we find that neither party's position was so unreasonable as to entitle the other party to an award of attorney's fees incurred in this appeal.  See Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004) ("[W]e find the litigation addressed appropriate and substantial issues and that [appellee did not] generate[] unnecessary delay or expense in pursuit of [his] interests.").  We also decline to award either party additional payment for preparation of this appeal.  For these reasons, we deny both parties' requests for an award of attorney's fees and costs on appeal.

### CONCLUSION

For the foregoing reasons, we are unpersuaded by appellant's arguments and hold that the trial court did not err.  The trial court properly conducted a fair and *de novo* trial, and reasonably acted within its discretion in electing to deny appellant's continuance motion.  Furthermore, the trial court did not abdicate its judicial authority by requiring the parties to conform to the GAL's recommendations on custody and visitation.  Accordingly, the judgment of the Circuit Court of Henrico County is affirmed.

Affirmed.