COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


PAMELA WANAMAKER
                                    MEMORANDUM OPINION*
v.   Record No. 0823-02-1                PER CURIAM
                                    SEPTEMBER 17, 2002
RICHARD WANAMAKER


          FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                     AND COUNTY OF JAMES CITY
                   William H. Shaw, III, Judge

          (Thomas W. Carpenter, on brief), for
          appellant.

          (Colleen K. Killilea; Jones, Blechman,
          Woltz & Kelly, P.C., on brief), for appellee.


     Pamela Wanamaker (mother) appeals the decision of the circuit

court denying her motion for a change in custody of her two

children.  She argues the trial court erred by finding (1) there

was no material change in circumstances since Richard Wanamaker

(father) was awarded sole custody, and (2) that a change in

custody was not in the children's best interest.  Mother asks that

the trial court's judgment be reversed.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to father as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

### Procedural Background

Mother and father separated in January 1998, and the juvenile and domestic relations district court awarded father sole legal and physical custody at that time.  Mother filed a motion in the district court for an amended custody order granting her custody of the parties' two children.  The district court denied mother's motion on June 4, 2001, and mother appealed to the circuit court.  Following an ore tenus hearing, the circuit court also denied the motion.

Since the entry of the original custody order, mother has had five different jobs, several different addresses, and has been convicted of attempted burglary.  Mother was incarcerated for thirty-nine days and remains under a suspended sentence.  Mother admitted to having obtained electricity for her home in the name of her then twelve-year-old daughter because she could not get credit in her own name.  Mother remains under the care of a psychiatrist and takes prescription medication.

Father remains employed by the Williamsburg Police Department where he has worked for over nineteen years.  He owns his home, is financially stable, and in good health.

-

Analysis

I. and II.

Mother contends that the circuit court erred in determining that she failed to show a material change of circumstances sufficient to warrant the change in custody.

> A party seeking to modify an existing custody order bears the burden of proving that a change in circumstances has occurred since the last custody determination and that the circumstances warrant a change of custody to promote the children's best interests. In deciding whether to modify a custody order, the trial court's paramount concern must be the children's best interests. However, the trial court has broad discretion in determining what promotes the children's best interests.

Brown v. Brown, 30 Va. App. 532, 537-38, 518 S.E.2d 336, 338 (1999) (citations omitted). "Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986). The trial court found mother had demonstrated only that she had "bettered herself a little bit." Although noting mother had found a "more stable job than she's had in a long time," she had not demonstrated she could provide the children with a stable home. The court further found that even "assum[ing] that's a material change . . . there's no evidence that it's [sic] in the best interest of the children."

-

> Code § 20-124.3 specifies the factors a court shall consider in determining the "best interests of a child for . . . custody or visitation."  Although the trial court must examine all factors set out in Code § 20-124.3, it is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.

Brown, 30 Va. App. at 538, 518 S.E.2d at 338 (citations omitted).  The evidence shows mother remains under a suspended sentence for a felony conviction, is under psychiatric care, and has not established stable housing.

The record demonstrates that the trial court properly considered the factors contemplated by Code § 20-124.3 and determined that, under the present conditions, the best interests of the children were consistent with father's continued sole custody with liberal visitation for mother. Because we find no abuse of discretion, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-