COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges McClanahan and Haley
Argued at Salem, Virginia


TODD ANDREW GERL

                                          MEMORANDUM OPINION[*] BY
v.       Record No. 0121-05-3          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                             SEPTEMBER 20, 2005
ROSEANNE NMN DISO GERL


               FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                           James R. Swanson, Judge

           Frank W. Rogers, III (G. Marshall Mundy; Mundy, Rogers &
           Associates, LLP, on brief), for appellant.

           No brief or argument for appellee.


       Todd Andrew Gerl (husband) appeals from a December 9, 2004 final decree of divorce

granting Roseanne NMN Diso Gerl (wife) a divorce on the ground that the parties had lived

separate and apart for more than one year and ordering him to pay $1,464.53 per month in child

support and 80% of all unreimbursed medical expenses of the children.  The sole issue raised in

this appeal is whether the trial court erred in deviating from the provisions of Code § 20-108.2 by

requiring him to pay 80% of all unreimbursed medical expenses of the children rather than his

proportionate share of the unreimbursed medical expenses in excess of $250 per child per

calendar year.  For the reasons that follow, we reverse and remand to the trial court for further

proceedings consistent with this opinion.

       In accordance with familiar principles, we view the evidence in the light most favorable

to the prevailing party below.  See Brown v. Brown, 30 Va. App. 532, 534, 518 S.E.2d 336, 337

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(1999). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Id. at 538, 518 S.E.2d at 338.

The uncontroverted evidence established that the husband's income was $8,884 per month and the wife's income was $400 per month. The trial court ordered that husband pay $1,464.53, the child support guideline amount. Additionally, husband was ordered to pay 80% of all unreimbursed medical expenses for the four minor children. The trial court did not give any reasons for deviating from the requirements of Code § 20-108.2(D) in its award of unreimbursed medical and dental expenses.

Code § 20-108.2(A), in effect July 1, 2004 to July 1, 2005, provided:

> There shall be a rebuttable presumption in any judicial or administrative proceeding for child support under this title or Title 16.1 or 63.2, including cases involving split custody or shared custody, that the amount of the award which would result from the application of the guidelines set forth in this section is the correct amount of child support to be awarded. In order to rebut the presumption, the court shall make written findings in the order as set out in § 20-108.1, which findings may be incorporated by reference, that the application of the guidelines would be unjust or inappropriate in a particular case as determined by relevant evidence pertaining to the factors set out in §§ 20-107.2 and 20-108.1. The Department of Social Services shall set child support at the amount resulting from computations using the guidelines set out in this section pursuant to the authority granted to it in Chapter 19 (§ 63.2-1900 et seq.) of Title 63.2 and subject to the provisions of § 63.2-1918.

Code § 20-108.2(D), in effect July 1, 2004 to July 1, 2005, provided in pertinent part:

> Except for good cause shown or the agreement of the parties, in addition to any other child support obligations established pursuant to this section, any child support order *shall* provide that the parents pay in proportion to their gross incomes, as used for calculating the monthly support obligation, any reasonable and necessary unreimbursed medical or dental expenses that are in excess of $250 for any calendar year for each child who is the subject of the obligation. The method of payment of those expenses shall be contained in the support order. Each parent shall pay his respective share of expenses as those expenses are incurred. Any amount paid under this subsection shall not be

- 2 -

adjusted by, nor added to, the child support calculated in accordance with subsection G. For the purposes of this section, medical or dental expenses shall include but not be limited to eyeglasses, prescription medication, prosthetics, orthodontics, and mental health or developmental disabilities services, including but not limited to services provided by a social worker, psychologist, psychiatrist, counselor, or therapist.

(Emphasis added.)

We agree with husband that the legislature clearly stated that the trial court "shall provide" that the parents pay proportionate to their income any reasonable and necessary unreimbursed medical or dental expenses that are "in excess of $250" per child per calendar year. See Code § 20-108.2(D). In order for the trial court to deviate from the procedure outlined above, it was required to make findings consistent with the dictates of Code §§ 20-108.1 and 20-108.2. Therefore, we reverse and remand to the trial court to modify its order and require proportional payment of only those medical and dental bills in excess of $250 per child per year or to make additional findings that would allow a deviation therefrom.[1]

Reversed and remanded.

---

[1] We note that based upon the income figures used to calculate the guideline child support obligation, husband's proportional share is 96% and wife's proportional share is 4%.