COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Haley and Beales
Argued by teleconference


TONJIA M. DEMUTH

MEMORANDUM OPINION[*] BY
v.      Record No. 3010-07-4        JUDGE ROBERT J. HUMPHREYS
OCTOBER 7, 2008
RICHARD P. DEMUTH


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Rossie D. Alston, Jr., Judge

Thomas F. Hennessy (Stephanie D. Yost; Leiser, Leiser & Hennessy,
PLLC, on briefs), for appellant.

Barbara Murphy Stough (Knight & Stough, LLP, on brief), for
appellee.


Tonjia J. Demuth ("mother") appeals a custody determination by the circuit court, made

pursuant to her divorce from Richard P. Demuth ("father"). The circuit court awarded primary

physical custody of the couple's child to mother. However, mother claims that the circuit court

abused its discretion by providing that custody of the child would automatically revert to father if

mother moved out of Virginia, or more than 30 miles from father. For the following reasons, we

agree with mother and reverse the decision of the circuit court.

Analysis

"In matters of custody, visitation, and related child care issues, the court's paramount

concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387

S.E.2d 794, 795 (1990). "In matters of a child's welfare, trial courts are vested with broad

discretion in making the decisions necessary to guard and to foster a child's best interests." Id. at

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

328, 387 S.E.2d at 795. "A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Id.

In furtherance of the best interests of the child goal, "Virginia courts have jurisdiction to permit the removal of a child from Virginia to another state or to deny such removal." Wilson v. Wilson, 12 Va. App. 1251, 1255, 408 S.E.2d 576, 579 (1991). "However, a predetermined automatic reversal of primary custody, based on an undetermined move in the future, is clearly an abuse of discretion." Id. Here, the circuit court clearly believed that a move to Texas was not in the child's best interest. In its findings, the court stated:

> The parties' negative behaviors during the course of the marriage and during the separation were harmful to the child and harmful to the relationship of the child between the parents. A move to Texas by the mother will do nothing more than sew [sic] the seeds for further problems.

The court indicated that the interests of the child would best be served by remaining in mother's custody and living in Virginia. Under these circumstances, the proper remedy would have been for the court to prohibit the child's permanent removal from the state until such time as a change of circumstances had been shown, not to provide for an automatic change in custody if mother chose to move from the Commonwealth with the child. See id.

In awarding custody, courts must determine the best interests of the child "under the circumstances prevailing at the time of the decision." If those circumstances materially change at any time in the future, the court, upon request of one of the parties, may modify its original custody determination. See Brown v. Brown, 30 Va. App. 532, 537, 518 S.E.2d 336, 338 (1999). However, a court cannot indulge in sheer speculation about what may be in the best interests of the child at some imprecise time in the future by providing for an automatic change

in custody based upon a future event that may or may not occur. <u>Wilson</u>, 12 Va. App. at 1255, 408 S.E.2d at 579.

Father argues that mother's move to Texas is not an undetermined future event. He argues that she has specifically stated her intent to move to Texas and that the custody determination was essentially a relocation determination. However, there is nothing in the record demonstrating that mother is moving to Texas. Mother asked the court to allow her to take the child to Texas. However, when the court made it clear that it would not allow the child to be taken out of the state, mother indicated that she would rather remain in Virginia than lose custody of her son. Thus, any potential move that she might make in the future is at this time undetermined and speculative.

The final decree of divorce and Code § 20-124.5 require that if mother decides to move in the future, she must file a notice of relocation. At that point, father may ask the court to alter its original custody determination based on the new circumstances, and the trial court must then review whether such relocation is in the best interests of the child at that time.

## Conclusion

Because the circuit court abused its discretion by providing for an automatic change in custody in the event of a possible change in circumstances, we reverse its decision, and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>