COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Powell


ANALEA FLETCHER

                                              MEMORANDUM OPINION[*]
v.      Record No. 0969-08-1                      PER CURIAM
                                              JANUARY 20, 2009
REY ABASTILLAS


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

(Carl C. La Mondue; La Mondue Law Firm, PLC, on brief), for
appellant.  Appellant submitting on brief.

No brief for appellee.


Analea Fletcher (mother) appeals the trial court's order granting custody of the parties'

minor children to Rey Abastillas (father) and visitation to mother.[1]  Mother argues that the trial

court erred by (1) finding that there was a material change of circumstances warranting a change in

custody and (2) finding that a change in custody was in the children's best interests.  We affirm the

decision of the trial court.

### BACKGROUND

When mother filed a Motion to Amend Visitation in the Norfolk Juvenile and Domestic

Relations District Court (juvenile court), mother had physical custody of the children and father had

liberal and reasonable visitation.  Mother sought a change in visitation because she wanted to move

with the children to the Philippines.  Father filed a Motion to Amend Custody, seeking physical

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Lesa J. Henderson, guardian *ad litem* for the minor children, filed a letter with the Court indicating that she believes it is in the children's best interests to remain in the physical custody of father and to have liberal visitation with mother.

custody of the children. The juvenile court granted physical custody to father with liberal visitation to mother and ordered supervised visitation for mother's new husband. Mother appealed to the circuit court.

In the circuit court, mother retracted her statement that she intended to move with the children to the Philippines. She stated that if she had custody, she would remain in Norfolk with her new husband. Her new husband underwent a psychological evaluation and was diagnosed with Avoidant Personality Disorder. After considering the factors in Code § 20-124.3, the circuit court ruled that mother and father shall have joint legal custody of the children, and father shall have physical custody. The court awarded mother liberal visitation, and placed no restriction on mother's husband's contact with the children. Mother timely noted her appeal.

ANALYSIS

The person seeking to modify custody has the burden of proof to show that there has been a material change in circumstances since the last custody award and that a change in custody would be in the children's best interests. Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983).

"In deciding whether to modify a custody order, the trial court's paramount concern must be the children's best interests. . . . However, the trial court has broad discretion in determining what promotes the children's best interests." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999) (citations omitted). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Id.

Mother argues that the trial court erred in finding that there was a material change in circumstances. She contends that once she stated that she would not move to the Philippines with the children, there was no change since the last court order. However, the trial court specifically found the following changes:

1. The mother has remarried;
2. The mother's residence has changed;
3. The father has entered into a romantic relationship with another woman;
4. The father has changed jobs;
5. The children have grown older;
6. The children attend a different school.

Therefore, there were several changes since the last court order.

Mother next argued that a change in custody was not in the children's best interests. A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. However, a court "'is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). The trial court made specific and detailed findings for each factor in Code § 20-124.3.

The trial court also discussed mother's new husband and his eccentric behavior. Despite the stepfather's diagnosis of Avoidant Personality Disorder, the court found that he was not a danger to the children.

Mother testified that she would not move to the Philippines if she were awarded custody; however, the trial court expressed concern over the mother's desire to move to the Philippines. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*). The trial court concluded that mother wanted to move to the Philippines and that she and her husband "actively" considered moving there. A move to the Philippines would "deprive the children of contact with their father" because of the cost of travel and of the question of enforceability of the

circuit court order in the Philippines. Given the trial judge's concerns, we cannot say that he erred in determining that it was in the children's best interests to be in father's custody.

## CONCLUSION

The record supports the trial court's findings of material changes in circumstances since the last court order and that the change in custody was in the best interests of the children. Accordingly, we affirm the judgment.

<u>Affirmed.</u>