COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


MARIO BUCHANAN

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1343-09-4                              PER CURIAM
                                                      DECEMBER 8, 2009
WHITNEY VUKMANIC


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         J. Howe Brown, Jr., Judge Designate

            (Neal David Olesker, on brief), for appellant.  Appellant submitting
            on brief.

            No brief for appellee.


        Mario Buchanan appeals the trial court's ruling denying his petitions for genetic testing and

visitation.  Appellant argues that the trial court erred in dismissing his petitions and "deciding the

case incorrectly by abusing its discretion and reaching a decision that is plainly wrong."  Upon

reviewing the record and opening brief, we affirm the decision of the trial court.

                                        BACKGROUND

        On February 15, 2005, appellee gave birth to her daughter.  Appellant and appellee were

involved in an intimate relationship in 2004.  Appellant alleged that their relationship began on or

about May 1, 2004; however, appellee alleged that their relationship ended in April 2004.

        In 2008, appellant filed a petition for genetic testing and a petition for visitation rights.

Appellant argued that he was the child's father.

        The trial court relied on appellee's testimony and denied appellant's petitions.  Appellant

timely noted his appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ANALYSIS

Appellant argues that the trial court erred in denying his petitions for genetic testing and visitation. Appellant contends it is in the child's best interests to have the paternity test to determine whether appellant is the father.

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

Appellee testified that her relationship with appellant ended in April 2004. She also testified that the child was born prematurely and that the child's father is in the military. Her testimony contradicted appellant's testimony, when he stated that their relationship began in May 2004.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

Here, the trial court found appellee's testimony more credible and determined that the child was born almost ten months after appellee and appellant ended their relationship. Credible evidence supports the trial court's ruling. Accordingly, we cannot say that the trial court abused its discretion.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>