COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


FRANCIS B. FLANAGAN

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0468-10-4                           PER CURIAM
                                                    SEPTEMBER 28, 2010
DONNA FLANAGAN


                    FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                                John G. Berry, Judge

            (John L. Bauserman, Jr.; Pikrallidas & Associates, on briefs), for
            appellant.

            (Donna Máire Flanagan, *pro se*, on brief).

            (V. R. Shackelford, III; Shackelford, Thomas & Gregg, P.L.C., on
            brief), Guardian *ad litem* for the minor child.


        Francis B. Flanagan (father) appeals a custody and visitation order, in which the trial court

awarded sole legal and physical custody of the parties' minor child to Donna Flanagan (mother) and

supervised visitation for father.  Father argues that the trial court erred by expressly declining to

make any specific factual findings to support the conclusion that inappropriate sexual contact

occurred between father and the child.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

                                         BACKGROUND

        Father and mother were married on December 30, 2000.  The parties' child was born in

February 2004.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In 2007, the Culpeper County Department of Social Services (the Department) filed a petition alleging abuse and neglect of the child by father. The child was approximately three and one-half years old. Subsequently, mother filed petitions requesting a determination of custody and visitation. In 2008, father filed petitions requesting a determination of custody and visitation. The matters were consolidated. On December 12, 2008, the Culpeper County Juvenile and Domestic Relations District Court (the JDR court) entered an order finding that father sexually abused the child. On the same date, the JDR court awarded mother sole legal and physical custody of the child and ordered father to have no contact with the child. The JDR court also entered a protective order. Father appealed the JDR decisions.

On October 27, 2009, the trial court entered a nonsuit order in the abuse and neglect case, and on November 4, 2009, the trial court entered an order dissolving the protective order.

At the time of the trial, which occurred October 27-30 and November 3, 2009, the child had not seen her father in approximately two years. The child had been seeing a counselor, was doing well in school, and had no behavioral issues.

After hearing the evidence, the trial court found that "some inappropriate act or series of acts" of a "sexual nature" occurred between the child and father. The trial court awarded sole legal and physical custody to mother and supervised visitation with father. Father appealed the trial court's ruling.

ANALYSIS

Custody and visitation

Father argues that the trial court erred by expressly declining to make any specific factual findings to support the conclusion that inappropriate sexual contact occurred between the child and father.

- 2 -

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Father argues that the trial court did not make any "specific findings" about father's inappropriate sexual contact with the child and whether father had any sexually deviant or prurient interest in engaging in such acts. Father contends the trial court's ruling was based on speculation and conjecture, since it failed to make any specific findings, and, therefore, was made in error.

However, when father's counsel asked the court, "When the Court finds by a preponderance of the evidence that some inappropriate act or series of acts did occur between the child and the father, does the Court mean that those are sexual acts of a sexual nature?" The trial court responded, "The Court finds that there was sexual contact." The trial court's answer was unequivocal.

Furthermore, the evidence shows that the trial court's ruling was not based on speculation or conjecture because the trial court examined each of the factors in Code § 20-124.3. The focus of the evidence and argument was on the ninth factor, which is, "Any history of family abuse as that term is defined in § 16.1-228 or sexual abuse." Code § 20-124.3(9). The trial court stated, "The Court is not in a position to be able to articulate what specific inappropriate conduct in the form of an act, or series of acts, might have occurred between [the child] and her father." The trial court further explained,

> But the Court does find that it is more likely than not that this
> inappropriate act or series of acts occurred, and the Court, again,

> bases that determination in part on the child's statements, in part on the child's behavior, in part on the combination of the two, certainly taking into account the testimony of Dr. Avedisian, which the Court finds to be generally credible, and the testimony of Mrs. Rafala, and frankly, also, the testimony of Dr. Connor, which the Court will say without any hesitation it finds to be generally credible.

The trial court then discussed the remaining factors in Code § 20-124.3, including the child's age and mental and physical condition, the child's relationship with her parents, the parents' age and mental and physical condition, and the roles of the parents in the child's future. The trial court particularly noted the child's close relationship with her mother and the child's place in school.

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. However, a court "'is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). See also Brown, 30 Va. App. at 538, 518 S.E.2d at 338.

Here, the trial court clearly considered all of the factors in Code § 20-124.3. It was not required to make specific findings of acts of sexual abuse in determining custody and visitation. The ninth factor regarding sexual abuse is one of the factors, and the trial court was not obligated to state exactly what weight or consideration it gave to that factor. Id. Therefore, the trial court did not err in awarding custody to mother and supervised visitation to father.

### Attorney's fees and costs

Mother seeks an award of the attorney's fees and costs she incurred on appeal. However, mother has incurred no attorney's fees because she appeared before this Court *pro se*. Her request is denied.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>