COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


KEISHA WINGO

                                                                    MEMORANDUM OPINION[*]
v.       Record No. 1748-10-3                                              PER CURIAM
                                                                      FEBRUARY 22, 2011
TAZEWELL COUNTY DEPARTMENT
  OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                                   Teresa M. Chafin, Judge

                 (Bruce H. Russell, II, on brief), for appellant.

                 (Stephen E. Arey; J. Christopher Plaster, Guardian *ad litem* for the
                 minor children, on brief), for appellee.


        Keisha Wingo (mother) appeals a trial court order terminating her parental rights to her

three minor children pursuant to Code § 16.1-283(B).  On appeal, mother contends the trial court

erred in terminating her parental rights because she had made substantial progress in achieving

compliance with the foster care service plans and because there were possible placement

opportunities with relatives.  Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

                                          Background

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 10, 2008, mother's three minor children were placed in foster care as a result of an emergency removal order entered by the juvenile and domestic relations district court (JDR court). At that time, the children were two years old, one year old, and less than two months old. The complaint alleged mother used drugs and left the children unsupervised for long periods of time. The initial foster care service plans contained the goals of return to parents. On June 15, 2009, the new foster care service plans were filed that changed the goals to adoption.

The foster care service plans provided that mother must address her substance abuse problem with both counseling and treatment, refrain from using illegal drugs, submit to random drug tests, maintain employment, complete psychological and parenting evaluations, and cooperate with the Tazewell County Department of Social Services (the Department).

While the children were in foster care, mother continued to use illegal substances and failed numerous drug screens for a variety of drug types. She had "clean screens" for a few months before the trial court hearing, from March 2010 until July 14, 2010. Evidence was presented that mother was not consistent with her substance abuse counseling. Mother was employed sporadically since the children were removed from the home. The foster care worker testified mother was employed about twenty-five percent of the time in the past two years. In addition, mother did not maintain a stable home and she lived in four different residences since the children were placed in foster care. At the time of the hearing, mother resided with her father in a two-bedroom trailer. Mother failed to complete the psychological evaluation, and she was incarcerated for a short period of time. Mother was consistent with her supervised visitation with the children.

In May of 2009, the Department attempted a trial return of the children to mother's custody. However, mother tested positive for marijuana use and the children were again removed from mother's custody on the day after they arrived at her residence.

The foster care worker testified that the Department tried to work with relatives to take custody of the children, but most of the possible placements with these relatives became untenable or the relatives withdrew their petitions. The Department also worked with the children's great-grandmother for placement, but she indicated she could not go through with the placement. The foster care worker stated that two relatives had pending petitions in the JDR court for placement, but not adoption of the children. One of those relatives had indicated in the past she would take the children, but she never followed through with the home study.

The paternal great-grandmother filed for custody of the children several weeks before the termination proceeding in JDR court. She testified at the hearing that she has a health issue and she planned to have another individual reside with her to assist her in caring for the children.

Mother testified she had been sober for the past four months and she was attending substance abuse counseling. When asked about the possibility of a relapse, mother replied that she was doing the best she could do. Mother stated she was employed as a server in a restaurant and her mother would watch the children while she worked up to fifteen hours per day. Mother does not have a driver's license, but stated she is working on getting her license back and her mother will assist her with transportation issues. Mother testified she and the children would either reside in the two-bedroom trailer or they could reside with her father when he moved to a three-bedroom trailer. Mother had not contacted a doctor or dentist for the children's future care, and she had not discussed the admission of the children into a school.

The trial court terminated mother's parental rights pursuant to Code § 16.1-283(B), and mother appealed that decision to this Court.

## Analysis

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its

- 3 -

determination based on the child's best interests.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "'The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it."'" Id. at 266, 616 S.E.2d at 769 (quoting Fields, 46 Va. App. at 7, 614 S.E.2d at 659 (other citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Mother argues the trial court erred in terminating her parental rights pursuant to Code § 16.1-283(B) where she has responded to rehabilitative efforts and is now in a position to provide the children with a stable home environment.

Code § 16.1-283(B) provides in pertinent part that the residual parental rights of a parent of a child found by the court to be neglected or abused and placed in foster care as a result of court commitment may be terminated if clear and convincing evidence proves that it is in the best interests of the child and that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

Although mother had not failed a drug test for several months prior to the hearing, during the first twenty months the children were in foster care, mother continued to use drugs and failed numerous drug tests. Importantly, she failed a drug test within one day of the children's return to her custody for a trial placement. In addition, she admitted she used drugs in the home when the children were there, but she claimed she administered the drugs in a room where the children were

not present. Furthermore, mother failed to regularly attend substance abuse counseling and she did not complete the psychological evaluation. In response to a question about the possibility of a substance abuse relapse, mother replied, "I'm trying the best I can not to." Moreover, mother showed no stability in her employment or residence over the time period the children were in foster care.

"Virginia law recognizes the 'maxim that, sometimes, the most reliable way to gauge a person's future actions is to examine those of his past.'" Toms, 46 Va. App. at 267-68, 616 S.E.2d at 770 (quoting Petry v. Petry, 41 Va. App. 782, 793, 589 S.E.2d 458, 463 (2003)). In this regard, mother's "'past actions . . . over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 696-97, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)).

The trial court found that mother had the best services the county could provide for both parenting skills and substance abuse issues, yet mother had "to a great point" failed to take advantage of these services. The trial court emphasized that mother's drug use when the children were returned to her custody for a trial placement indicated it was not reasonably likely that the conditions resulting in the children's neglect and abuse can be substantially corrected. See Code § 16.1-283(B)(2).

Moreover, Code § 16.1-283(B)(2) provides that proof that the parent or parents have habitually abused or are addicted to narcotics or other dangerous drugs to the extent that proper parental ability has been seriously impaired and the parent, without good cause, has not responded to or followed through with recommended and available treatment that could have improved the capacity for adequate parental functioning shall be prima facie evidence of the conditions set forth in Code § 16.1-283(B)(2). Thus, mother's continued substance abuse during the majority of the time the children were in foster care and her refusal to address the issue until

a few months prior to the trial court hearing was prima facie evidence it was not reasonably likely she would correct the conditions that resulted in the children's neglect or abuse so the children could be safely returned to her custody.

Before terminating a parent's rights, "the court shall give a consideration to granting custody to relatives of the child, including grandparents." Code § 16.1-283(A). The "Department has a duty to produce sufficient evidence so that the court may properly determine whether there are relatives willing and suitable to take custody of the child, and to consider such relatives in comparison to other placement options." Logan, 13 Va. App. at 131, 409 S.E.2d at 465.

The trial court found that the Department had explored possible placement of the children with relatives. However, none of the possibilities worked out for a variety of reasons. One of the relatives testified at the hearing that she had a health issue and would need help in caring for the children. Another relative had indicated in the past that she would take the children, but she failed to follow through with the home study. The record demonstrates the Department satisfied its duty under Code § 16.1-283(A) to investigate and present evidence of the suitability of the children's relatives as possible custodians prior to ordering the termination of mother's parental rights and the trial court considered evidence as to the suitability of placing the child with relatives before it ordered the termination of mother's parental rights. "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

The three young children had been in foster care for two years and one month by the time of the hearing. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). In addition, mother failed to present evidence of an adequate plan to regain custody and

provide for the children.  Furthermore, mother had an extensive history of drug abuse, causing her to be unable to adequately parent her children.  Based upon mother's entire history, we find no error in the trial court's decision to terminate her parental rights under Code § 16.1-283(B).

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>