COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


ALEXANDRA A. CARR

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2704-10-4                            PER CURIAM
                                                        JULY 5, 2011
TIMOTHY B. CARR


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              R. Terrence Ney, Judge

              (Michael A. Ward, on brief), for appellant.

              No brief for appellee.


        Alexandra A. Carr's (mother) appeal stems from an underlying custody order in which the

trial court transferred physical custody of one of the parties' minor children from mother to

Timothy B. Carr (father).  Mother argues that the trial court erred by denying the relief sought in her

motion for clarification without a hearing and without receiving testimony or evidence on behalf of

either party.  Upon reviewing the record and mother's brief, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.


                                    BACKGROUND

        On September 16, 2010, the trial court entered an order transferring physical custody of

the parties' minor son from mother to father.  Subsequent to the entry of the September 16, 2010

order, the parties agreed to schedule a hearing on December 7, 2010 to address matters regarding

the September 16, 2010 order and the trial court's rulings.  On November 12, 2010, mother filed

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

a "Motion for Clarification and Guidance." On November 22, 2010, father filed a response and moved that mother's motion be dismissed. On November 23, 2010, the trial court entered an order denying mother's motion and removed the matter from the December 7, 2010 docket. On December 10, 2010, mother filed a motion for reconsideration, which the trial court denied on December 13, 2010. This appeal followed.

ANALYSIS

Mother argues that the trial court erred by denying her motion for clarification without conducting a hearing or receiving any evidence on the matter.

On appeal, she contends, for the first time, that she was denied due process. Since she did not raise this argument previously, we "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

In addition, mother asserts that the trial court should have addressed the factual disagreements in mother's motion for clarification, father's response, and mother's motion for reconsideration. For example, in her motion for reconsideration, mother lists nine instances where she disagrees with statements in father's response to her motion for clarification.

The written statement of facts, signed by the trial court, states, "The Court had previously had two evidentiary proceedings in this case and been the recipient of other motions by Mother. In the opinion of the Court, nothing in either of Mother's motions raised any new matter and for that reason were denied by the Court."

"When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any error committed on the trial." Code § 8.01-678.

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Here, the trial court did not abuse its discretion in denying mother's motion. Mother had two evidentiary hearings and filed numerous motions regarding custody of the parties' children. In her motion for clarification, mother alleged that father had not complied with the September 16, 2010 order and had not provided her with information about the child's living, school, and medical situation upon the change of physical custody. Father filed a detailed response to mother's motion for clarification, and the trial court found that his response "satisfies the Court's Order of September 16, 2010." Accordingly, the trial court denied mother's motion and removed the case from the docket. Mother filed a motion to reconsider and noted her disagreements with father's response. The trial court denied her motion to reconsider. Contrary to mother's argument, mother had ample opportunity to present her case to the trial court, and the trial court did not abuse its discretion in denying her motion without conducting a hearing.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.