COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner

KIET ANH PHAM

v.      Record No. 1170-14-4

THUY T. BUI

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 30, 2014

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

(Michael A. Ward, on brief), for appellant.

No brief for appellee.

(Donna Dougherty, on brief), Guardian *ad litem* for the minor
child.

Kiet Anh Pham (father) appeals a custody and visitation order.  Father argues that the circuit

court erred by (1) awarding sole legal and physical custody of the minor child to Thuy T. Bui

(mother) and (2) ruling that father shall have no visitation with the child at this time.  Upon

reviewing the record and briefs, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the circuit court.  See Rule 5A:27.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing

below."  D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005)

(citations omitted).

So viewed, the evidence proved that the parties divorced on February 4, 2004.  They have

one child.  In 2012, father filed a motion to modify visitation, and mother filed a motion to

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

modify custody. The juvenile and domestic relations district court (JDR court) ordered the child to attend therapy and both parties to undergo psychological evaluations. On November 13, 2013, the JDR court awarded sole custody to mother and ordered father to have no contact with the child or mother. Father appealed to the circuit court.

On June 12, 2014, the parties and the guardian *ad litem* appeared before the circuit court. Mother testified that the child was fearful of father, and as a result of her relationship with her father, was in therapy. Father testified that he had not seen the child since August 17, 2013, when they were in the office of the child's therapist. He testified that at that therapy session, he confronted the child and was angry with her. He refused to discuss her progress in school and therapy and thought she and the therapist were lying to him. He admitted that she was crying and upset when he left the session. The guardian *ad litem* submitted as evidence copies of the parties' psychological examinations and her report. At the conclusion of all of the evidence and argument, the circuit court reviewed the Code § 20-124.3 factors and awarded sole legal and physical custody of the child to mother. The circuit court ordered father to have no visitation with the child. It ordered father to attend counseling and the child to continue counseling. The final order stated that "when the two therapists recommend contact, they may facilitate contact and reunification as appropriate." This appeal followed.

ANALYSIS

Father argues that there was no evidence to support the circuit court's custody and visitation rulings.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

- 2 -

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Code § 20-124.2(B) states:

> In determining custody, the court shall give primary consideration to the best interests of the child. The court shall assure minor children of frequent and continuing contact with both parents, *when appropriate*, and encourage parents to share in the responsibilities of rearing their children. . . . The court may award joint custody or sole custody.

(Emphasis added.)

Father argues that the circuit court erred by not assuring that the child had "frequent and continuing contact" with him, as prescribed by Code § 20-124.2, because the circuit court denied him having any visitation with the child. Assuming without deciding that father preserved this argument, Code § 20-124.2 explains that a child shall have contact with both parents "when appropriate." In this case, the circuit court held that it was not appropriate for father to have contact with the child.

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. The record reflects that the circuit court reviewed the Code § 20-124.3 factors. The circuit court was especially concerned about the third factor, which focuses on "[t]he relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child." The circuit court referenced father's behavior during the child's therapy session and his refusal to return her uniform and bamboo sword for her martial arts class because she did not "deserve to have them." The circuit court held that the evidence proved that father lacked the ability to accurately assess and meet the child's needs.

Father's psychological evaluation also was offered into evidence. The evaluator explained that the test results indicated father had "some significant information processing deficits and significant problems with impulsivity and emotional regulation." The evaluator recommended that father begin therapy in order to "recognize the way in which his own personal characteristics have contributed to the current difficulty that he was in seeing his daughter."

Furthermore, mother testified that she and the child were fearful of father. Father admitted that when he did have regular visitation with the child, he "had told her that she was lazy, stupid, and a homeless person."

Considering the totality of the evidence, the circuit court did not abuse its discretion in granting sole custody to mother and denying father visitation with the child at this time.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>