COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

SHAWANNA D. SMITH

MEMORANDUM OPINION[*]
v.    Record No. 0695-15-2    PER CURIAM
OCTOBER 27, 2015

HOWARD KELLY SMITH

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

(Reginald M. Barley, on brief), for appellant.

No brief for appellee.[1]

Shawanna D. Smith (mother) appeals a custody and visitation order. Mother argues that the

circuit court erred by granting "physical custody of the infant children to a non-parent even though

the non-parent did not rebut the presumption that the best interest of the children is with their natural

parent." Upon reviewing the record and opening brief, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Mother and Howard Kelly Smith (father) were involved in a relationship for several years

prior to their marriage on October 1, 2005. They separated several times before and during their

marriage. There were three children born during the parties' relationship. Shortly after the last

child was born in January 2010, the parties separated for the last time.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Gregory R. Sheldon, the guardian *ad litem* for the minor children, submitted a letter
stating that he supported the appellee.

On May 26, 2011, the Chesterfield County Juvenile and Domestic Relations District Court (the JDR court) awarded the parties joint legal custody of the three children. Father was awarded primary physical custody, and mother was granted visitation.

In January 2013, mother filed two motions to amend custody due to father's living arrangements with his girlfriend. She subsequently asked the JDR court for paternity tests for the children. The JDR court ordered the paternity tests, which showed that father was the biological father of mother's oldest child, but not the youngest two children. As a result of the paternity tests, mother filed a motion to amend custody and asked for sole custody of the youngest two children, as well as joint legal and physical custody of the oldest child. On June 23, 2014, the JDR court held that there was no material change in circumstances and dismissed mother's motions to amend custody. Mother appealed to the circuit court.

On November 21, 2014, the parties appeared before the circuit court. After hearing the evidence and argument, the circuit court found that there was a material change in circumstances, but it was not in the children's best interests to change custody from father to mother. The circuit court entered an order reflecting its rulings on April 23, 2015. This appeal followed.

ANALYSIS

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Mother argues that the trial court erred by awarding father physical custody of all three children, even though he is not the biological father of two of the children. She contends father

did not present any evidence to rebut the presumption favoring a biological parent over a non-biological parent.

Code § 20-124.2(B) states that

> [i]n determining custody, the court shall give primary consideration to the best interests of the child. . . . The court shall give due regard to the primacy of the parent-child relationship but may upon a showing by clear and convincing evidence that the best interest of the child would be served thereby award custody or visitation to any other person with a legitimate interest.

"Consequently, in a custody dispute between a parent and a non-parent, 'the law presumes that the child's best interests will be served when in the custody of its parent.'"  Bailes v. Sours, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986) (quoting Judd v. Van Horn, 195 Va. 988, 996, 81 S.E.2d 432, 436 (1954)).

> "Although the presumption favoring a parent over a non-parent is a strong one, it is rebutted when certain factors are established by clear and convincing evidence.  We have held that such factors include: (1) parental unfitness; (2) a previous order of divestiture; (3) voluntary relinquishment; . . . (4) abandonment[; and (5)] special facts and circumstances . . . constituting an extraordinary reason for taking a child from its parent, or parents."

Florio v. Clark, 277 Va. 566, 571, 674 S.E.2d 845, 847 (2009) (quoting Bailes, 231 Va. at 100, 340 S.E.2d at 827 (citations and internal quotation marks omitted)).

In this case, there was evidence that the JDR court awarded father primary physical custody of all of the children on May 26, 2011, and the children have lived with him since at least that date.  Even though he is not the biological father to the youngest two children, he is the only father that the children know, and he is listed as their father on their birth certificates.  Based on these facts, father rebutted the presumption.

"Once the presumption favoring parental custody has been rebutted, the natural parent who seeks to regain custody must bear the burden of proving that custody with him [or her] is in the child's best interests."  Id. (citing Shortridge v. Deel, 224 Va. 589, 594, 299 S.E.2d 500, 503

(1983)). Mother failed to prove that the best interests of the children would be for her to have primary physical custody. She testified that she thought the children should live with her because she could "provide them with overall care and spiritual needs." She did not expand on this statement to explain why their needs were not being met and how she could meet them.[2] Instead, mother testified about her disapproval of father's living arrangements with his girlfriend, which is what precipitated her filing the motions to amend custody in January 2013.

After the parties offered their evidence, the guardian *ad litem* reported that there were no changes in the children's circumstances and that the children were stable with father.

The trial court had the opportunity to see and hear the witnesses. It can determine what weight to give to the testimony of each witness. See Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc).

The trial court examined the Code § 20-124.3 factors and commented that "mother had proven 'factor 6,'" which considers the parent's propensity to support the child's relationship with the other parent. Furthermore, the trial court found that the children were in a stable environment with father. The trial court held that mother did not prove that it would be in the children's best interests to change custody, so it continued the existing custody arrangements.

Based on the record, the trial court did not abuse its discretion in concluding that it was in the children's best interests for father to continue to have primary physical custody of them.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[2] The record does not include a transcript from the November 21, 2014 hearing, but it does include a written statement of facts.

- 4 -