UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

DAWN NEWS RUSH

v.      Record No. 1462-13-3

JEFFREY CLAY CARICO

MEMORANDUM OPINION*
PER CURIAM
APRIL 22, 2014

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

(Mark Dunevant; Joseph A. Sanzone; Sanzone & Baker, LLP, on brief), for appellant.

(Brian R. Moore; Herbert E. Taylor, III, Guardian *ad litem* for the minor children; Phillips, Morrison, Johnson & Ferrell, on brief), for appellee.

Dawn News Rush (mother) appeals an order dismissing her motion to amend custody and visitation.  Mother argues that the trial court erred by not modifying custody because (a) a "material change in circumstances existed which necessitated a change in custody" and (b) the trial court failed to consider all of the evidence, including an audio recording and transcript.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

On June 1, 2011, the Lynchburg Juvenile and Domestic Relations District Court (the JDR court) entered an order awarding joint legal custody of the parties' minor children to the parties and primary physical custody of the children to Jeffrey Clay Carico (father).  Mother

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

subsequently filed a motion to amend custody and visitation. The JDR court denied mother's motion, and she appealed to the circuit court.

On December 6, 2012, the trial court heard evidence and argument on mother's motion. It issued a ruling from the bench granting father's motion to strike and dismissing mother's appeal. Mother filed a motion to reconsider, which she later withdrew. On April 8, 2013, the trial court entered an order memorializing its ruling from the December 6, 2012 hearing.

On the same day, April 8, 2013, mother filed another motion to amend custody and visitation. She also filed a motion for an emergency hearing. The trial court held an emergency hearing on April 12, 2013. The trial court took the motions under advisement and continued the matter.

On May 21, 2013, the parties appeared before the trial court on mother's motions. At trial, mother's counsel acknowledged, "A lot of the provisions that were set forth in our Motion for Reconsideration are the same that are set forth in the Motion to Amend . . . ." There was discussion with the trial court as to whether mother should present evidence as of December 6, 2012, the date of the last hearing, or April 8, 2013, the date of the last court order. The trial court allowed mother to testify about events occurring from December 6, 2012 until May 21, 2013. At the conclusion of the hearing, the trial court stated, "And regardless of whether we look at the date of the Order, which is April 8, or go back to the date of the hearing, frankly, I don't know that that matters for purposes of the Court's ruling here today." The trial court held that mother did not meet her burden to show that a material change in circumstances existed that warranted a change in custody. The trial court further stated that it was not in the children's best interests for mother to have primary physical custody. On July 8, 2013, the trial court entered an order dismissing mother's motion to amend. This appeal followed.

ANALYSIS

*Custody*

Mother argues that the trial court erred in dismissing her motion to amend custody and visitation. She contends the trial court erred in concluding that there was no material change in circumstances which warranted a change in custody.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

The Court has developed a two-prong test to determine whether a custody order should be modified: "first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983) (citations omitted).

Mother argued that there had been a change of circumstances because the children were not doing well in school. According to mother, the children were "out of control" and "running wild." She stated that the children's grades were dropping and they had "numerous suspensions" and absences. She also introduced evidence of "inappropriate" activity with one of the children's Facebook account. Father disagreed and argued that "it's [the] same as last time." He told the trial court that mother was making the same arguments that she made in the previous custody hearings. The guardian *ad litem* (GAL) explained that the children were exhausted and frustrated with the constant litigation, and he believed that their behavior stemmed from "having to deal with court."

At the conclusion of the hearing, the trial court held that mother did not meet her burden of showing a material change in circumstances. The trial court noted that "parents are going to have different ways, different views on how to deal with discipline issues. That is old as time." The trial court concluded that "the testimony I've heard here today is not much different than the testimony I heard previously."

The trial court then focused on what was in the children's best interests.

> The second prong of the test is in accord with the countless cases in which we have stated that the best interests of the children are paramount. Thus, despite changes in circumstances, there can be no change in custody unless such change will be in the best interests of the children. The second prong, then, is clearly the most important part of the two-part test.

Id. at 612, 303 S.E.2d at 921.

Mother asserted that it was in the children's best interests to live primarily with her because she was better able to parent the children. In addition to the testimony from the witnesses and argument from the parties, the trial court spoke with the children *in camera*. The trial court noted that the children were "thoughtful . . . and well-reasoned," but they were also "tired and . . . exhausted" from the litigation. Although the children had "strong opinions" about their situation, the trial court explained that their views were "simply one factor that this Court must consider in determining their best interest." After considering all of this information, the trial court concluded that a change in physical custody was not in the children's best interests. The trial court found that the children's friends, school, and community were centered around father in Lynchburg and that moving the children to Mechanicsville to live with mother was not in their best interests.

Based on the evidence presented, the trial court did not err in concluding that there was no material change in circumstances that warranted a change in custody.

*Audio recording and transcript*

Mother argues that the trial court did not consider all of the evidence in reaching its ruling that there was no material change in circumstances because it did not review the audio recording and transcript. At the April 12, 2013 emergency hearing, mother asked the trial court to consider an audio recording of father and the children. Mother alleged that father made disparaging statements about her in front of the children. Mother also sought to admit into evidence a transcript of the recording. Father objected to the audio recording. He asserted that the recording had been manipulated. The trial court did not listen to the audio recording or review the transcript at the April 12, 2013 hearing. The matter was continued to May 21, 2013.

On May 21, 2013, mother questioned father about the audio recording and the transcript. When asked by the trial court about the source of the transcript, mother explained that her counsel's office transcribed the audio recording. The trial court stated, "I don't know that the transcript will become admissible. . . . [T]here has to be . . . something of reliability with respect to the transcript." The audio recording was not played for the trial court, and mother did not object to the trial court not listening to the audio recording. The trial court allowed mother to use the transcript and question father about the incident. Mother read portions of the transcript and asked father if he recalled making certain statements.

On appeal, mother argues that the trial court erred by not considering "the offered evidence," which included the audio recording, the transcript, and other evidence presented by mother. Mother endorsed the final order as "Seen" and did not include any specific objections. Mother raises this argument for the first time on appeal. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (we "will not consider an argument on appeal which was not presented to the trial court").

Further, we note that she did not cite any legal authority to support her argument that the trial court erred. See Rule 5A:20; Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (unsupported assertions of error "do not merit appellate consideration").

Therefore, we will not consider this assignment of error.

*Attorney's fees and costs*

Father asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award father his attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.